Birchard, O. J.
This is a writ of error to the Supreme Court sitting in Lorain county. The cause assigned for error is, that 1he court affirmed the judgment of the court of common pleas. To determine whether this was error, it is necessary to refer to the common pleas record, by which we find that the original suit was an action of forcible entry and detainer commenced before a justice of the peace, and after judgment removed into the court of common pleas, by certiorari, where the magistrate’s judgment was affirmed. Beginning with the history of the suit, the first process was a summons duly served on July 6, 1847, and the 9th day of the same month, was appointed for the trial.
On the appearance day the plaintiff in error, who was defendant below, moved to quash the writ, because there was not three days’ notice. This motion was overruled, and hence the question is a second time presented for our decision. It is a rule well settled that in counting the days, the day of service is one day. The 6th, 7th, and 8th make then the three days which the law required, exclusive of the 9th, or day appointed for trial.
It was also objected that the summons and complaint were insufficient, and these objections were overruled.
The ground of objection to the complaint and writ were that they did not state that Barto held over his term, or that he occupied without color of title, or that Abbe was a purchaser on execution, etc. These objections were made under the assumption that the complaint in this form of action should sot forth and describe facts that would show the justice of the peace had jurisdiction.
The statute gives the form of the writ which was followed in this case. The complaint follows also the words of the statute. Swan’s Stat. 417. This has always been held ^sufficient. The proceedings of magistrates are required to be treated with great liberality. It would be more than could be reasonably asked under ordinary circumstances, to insist that these convenient and useful tribunals should pay the same regard to technicality, that might be proper in tho courts of record ; yet in the latter the form of this complaint would be sufficient. It alleges that “ the said C. Barto doth unlawfully and forcibly and with a strong hand detain from the possession of,” etc., the land therein described. If the plaintiff in detainer had a cause of action that could be substan *345 tinted by proof, this form was sufficient; and, if not, the defendant would defeat him for a failure in proof.
The objections enumerated, from the third to the tenth, inclusive, are only presented upon a bill of exceptions, which is no part of the record of the magistrate’s proceedings. The statute has not required or authorized a justice of the peace to sign and enter upon his transcript a bill of exceptions, and where he places matter upon his docket at the instance of one of the parties litigant before him, which the law does not authorize and require, it ought not to be noticed ; and in this court has not for many years been treated as evidence upon which error could be assigned. Upon the circuit it was supposed that some recent statute had mad.e it the duty of justices of the peace to sign bills of exceptions, and all these assigned causes of error were then examined and overruled. But we are not now able to discover any such provision in any law, and none has been referred to, save in the statute providing'for jury trials before justices of the peace (Swan’s Stat. 533), section 13 of which act gives the right to take bills of exception and make them part of the record in the cases only which are triable under the provisions of that act. Forcible entry and detainer is not one of them.
Having come to this conclusion, it is manifest the judgment must be affirmed, for no error is shown to have intervened from the beginning. Still as several questions were supposed by counsel to be well presented, and have been *argued, and were disposed of upon the circuit, it may be satisfactory to them to state that we should unanimously affirm the judgment of the justice, were all the points predicated upon the bill of exceptions properly before us. We do not doubt that when a sale has been made by a sheriff on a decree in chancery directing a sale of land, and the sale has been confirmed by the court, that a recovery of possession may be had in this form of action, the same as if made upon execution issued on a judgment at law. Decrees in chancery are by statute enforced the same as judgments at law.
Again, all that is necessary in forcible detainer in such a case, is to show a sale and a confirmation thereof by the court issuing the writ. The words of the statute are “proceedings in this act may be had in all cases in sales on execution, after such sales shall have been examined by the proper court, and the same by said court adjudged legal.” By this statute the purchaser is not re *346 quired to delay proceedings to obtain possession, till the sheriff has executed his deed. His right to the property in cases when the deed is from a sheriff, is from the day of sale, and by relation the deed would take effect on that day. It was competent for the legislature to confer the power of acquiring in a summary way a speedy possession, and we think they intended to, and have given that power in this act. The want of a seal to the sheriff’s deed is no cause of error, because the deed was not required.
Again, the objection was not pointed out at the time. Counsel, as the bill shows, objected generally to the introduction of the record, and all the proceedings under it. This was not good practice. They should have named the specific objection, and pointed it out to the magistrate. And if they could not point out some such objection that was valid, a justice of the peace might well treat the unenumerated objections as waived. Judgment affirmed.