### *ARROWSMITH v. GLEASON AND HARDY.

PROCEEDINGS IN ERROR AFTER MINOR BECOMES OF AGE.

Suit· was originally brought in the common pleas by Evans, trustee of Dick E. Arrow-
smith, *then a minor*, residing in California, against the defendants, on guardian's bond.
*Within two years* after the minor became of age, and more than four years after the
final judgment in the common pleas, he commenced this proceeding in error *in his
own right*. *Held*, that in all proceedings and suits of guardians and other trustees of
minors, no proceedings in error in the minor's own name will lie after he becomes of
age, unless brought within the time limited (two years) for other proceedings in error.

ERROR to the Court of Common Pleas of Defiance county.

BEER, J.

On the 4th day of December, 1870, Orlando Evans, trustee of Dick E. Arrow-
smith, filed his petition in the court of common pleas of this county, against
Edward H. Gleason and Henry Hardy, upon a guardian's bond executed by
Gleason as principal and Hardy as surety, in which bond they agreed that
Gleason would, as guardian, conduct himself in all respects according to law. The
petition alleges certain breaches, and prays for a judgment on the bond.

The defendant, Hardy, answered the petition, or amended petition, setting
up several defenses, to all of which the plaintiff demurred. The court overruled
the demurrer, and the plaintiff excepted to the ruling of the court overruling the
demurrer. At the May term, 1880, the cause was heard upon the pleadings and
evidence, a jury being waived, and the court found on the issues joined for the
defendant, Hardy, and rendered judgment in his favor for costs.

The plaintiff, Orlando Evans, excepted, and on the first day of November,
1884, Dick E. Arrowsmith, the present plaintiff in error, filed his petition in error
in the district court of this county, in which he alleges that since the rendition
of the judgment, to-wit, on October 29, 1883, he attained his majority, and
presents this petition in error in his own right, alleging that the court erred in
overruling the demurrer and rendering judgment in favor of the defendant, Hardy.
Hardy moved the court to dismiss the proceedings in error for the reasons follow-
ing: That Dick E. Arrowsworth was not a party to the record in the court
below; second, that the petition in error was not filed within two years after the
judgment was rendered; third, the petition in error was not filed within four years
after the rendition of the judgment.

Section 6723 of the Code, which was in force at the time of the rendition of
this judgment in the court of common pleas, provides that no proceeding to
vacate a final order shall be commenced unless within two years after the making
of the final order, or in case the person who is entitled to such proceeding is an
infant, within two years as aforesaid, exclusive of the time of such disability.
At the time the final judgment was rendered, the person entitled to commence the
proceeding in error was the trustee. There can be no question but that the
statute commenced to run against the trustee as soon as judgment was rendered
(Clark v. Southard, 16 Ohio St., 408, 417). Having commenced to run, it continued
to run. The infancy of the plaintiff in error does not prevent the operation of the stat-
ute. This action in the court below was an action at law between the trustee and the
defendants. It was not an action by the trustee against the guardian to compel the
execution of a trust, but was, so far as the plaintiff in error is concerned, an action

---

*The judgment in this case was affirmed by the Supreme Court without report, March
26, 1889.

at law between the trustee and a stranger.    The trustee was the plaintiff below, and he was the person entitled to the proceeding, and before the present plaintiff attained his majority, the action was barred as to the trustee; and the trustee in error being barred, the *cestui que trust* is also barred.

Newbegin & Kingsbury, for plaintiff in error.

C. H. Scribner and Henry Hardy, for defendant in error.

