# WILLIAM A. PORTER
## v.
# FRANK P. DRENNAN.

1. SUFFICIENCY OF COUNTS.—The sufficiency of each count must be determined by its own averments and the court in determining the sufficiency of a count can not look into anything contained in any subsequent count.

2. CONTRACT OF GUARANTY, PLEADING SAME.—Although a guaranty may be avoided if it has not been reduced to writing, yet in declaring upon it, it is not necessary to set out the writing, or even to aver that it was in writing. The court is of opinion that the contract of guaranty in this case is sufficiently alleged and that the demurrer to the three counts was improperly sustained.

3. PROMISSORY NOTES.—Under our statute notes payable to a person or bearer, can not be transferred or assigned by delivery only, so as to authorize the holder by delivery to sue in his own name.

4. PLEADING.—Where the liability is created by statute or where it depends upon something required by the statute, the declaration must allege that the conditions so imposed have been performed.

5. INDORSEMENT OF NOTE BY ONE NOT HOLDING LEGAL TITLE—NOT LIABLE IN ACTION OF ASSUMPSIT.—An action of assumpsit where nothing more is alleged against the defendant than an indorsement of a note for a valuable consideration, its non-payment by the maker, and the use of due diligence, or an excuse therefor, by the indorsee. *Held*, that if the note had come to the defendant by regular indorsement and he had assigned it by indorsement to the plaintiff so as to have enabled him to sue the maker and thus to have used the diligence required by statute, and the indorsee had done so or alleged a sufficient excuse for not doing so, the defendant would be liable upon his indorsement because the statute makes him so. But the statutory requirements are not met, when the legal title to the note and the right to bring suit upon it are still in some third person whose actions the assignee of the note can not control.

ERROR to the Circuit Court of Christian county. Opinion filed June 27, 1883.

Messrs. TAYLOR & PECK, for plaintiff in error; that the undertaking or liability assumed by defendant was a guaranty of the note, limited specially to plaintiff for a valuable consideration, moving from plaintiff to defendant, cited Camden v. McKoy, 3 Scam. 437; Cushman v. Dement, 3 Scam. 497; Carroll v.

Weld, 13 Ill. 682; Klein v. Currier, 14 Ill. 237; Sylvester v. Downer, 20 Vt. 355; Greenough v. Smead, 3 Ohio, 415; Brown v. Reasner, 5 Bradwell, 45; Fitzhugh v. Love, 3 Am. Dec. 568; Rothschild v. Grix, 18 Am. R. 171.

The liability or undertaking of defendant being made specially to plaintiff, he is the only person who can maintain an action upon it and he has a right to maintain an action in his own name on defendant's undertaking:    Grant v. Naylor, 4 Cranch, 224; Sanford v. Norton, 14 Vt. 228; Fell on Guaranty and Suretyship, 315; Nat. Bk. v. Diefendorf, 90 Ill. 396; Birckhead v. Brown, 5 Hill, 634.

Defendant is liable on his undertaking to plaintiff in a special action on the case declaring specially and setting out all the facts of the case: Hilborn v. Artus, 3 Scam. 344; Fitzhugh v. Love, 6 Call. 5.

Mr. H. M. VANDEVEER and Mr. J. G. DRENNAN, for defendant in error; that the holder of a promissory note can not maintain an action in his own name, when the note is made payable to a person named therein, unless the same has been indorsed by the payee named therein, cited Hilburn v. Artus, 3 Scam. 344; Garfield v. Berry, 5 Bradwell, 355; Turner v. Peoria & S. R. R. Co. 95 Ill. 134; Roosa v. Crist, 17 Ill. 450; Chadsey v. Lewis, 1 Gilm. 153; Richards v. Betzer, 53 Ill. 466; Ryan v. May, 14 Ill. 49; Chickering v. Raymond, 15 Ill. 362; Rabberman v. Muehlhausen, 3 Bradwell, 326; Sappington v. Pulliam, 3 Scam. 385:

As to what constitutes a contract of guaranty: Statute of Frauds, 29 Car. 2 C. 3, 4; Chitty on Contracts, *441; Hance v. Miller, 21 Ill. 637; Judson v. Gookwin, 37 Ill. 286; Childs v. Davidson, 38 Ill. 437; Nat. Bk. v. Diefendorf, 90 Ill. 396; Baylies on Sureties and Guarantors, 35.

The common counts are not sufficient in this cause, from the fact that the circumstances show that should the plaintiff recover under them, the parties would not be placed *in statu quo:* Phœnix M. L. Ins. Co. v. Baker, 85 Ill. 415; 1 Chitty on Pleading, 387; Russell v. Gillmore, 54 Ill. 148.

Plaintiff can not abandon his executed contract and bring

*indebitatus* assumpsit: Walker v. Brown, 28 Ill. 378; 1 Saund. 211 a, b; 2 Campb. 215.

McCulloch, P. J.   This was a suit in assumpsit brought by plaintiff in error against defendant in error wherein a demurrer to plaintiff's declaration was sustained and judgment rendered against him for costs.   To reverse that judgment he has brought the case to this court by writ of error.   After a demurrer had been sustained to the original declaration, a new one was filed, which contained three special counts, and a consolidated common count for the price and value of certain horses sold by plaintiff at the request of defendant.   The three special counts are based upon an alleged guaranty by the defendant of a certain promissory note, dated October 29, 1877, for the sum of $61.30, made by one Charles F. Goodrich to the order of Charles A. Shirley, or bearer, payable sixty days after its date, with interest at ten per cent. per annum.   The first count alleged that, on the 16th day of November, A. D. 1881, the plaintiff was the owner of a certain horse worth $85, which horse one Frank Park was desirous of purchasing; that the defendant was the owner of said note, upon which there was then due the same sum of $85; that the defendant requested the plaintiff to sell said horse to said Park, and promised, if he would do so, he, the defendant, as the consideration for such sale, would guarantee the payment of said note and sell and deliver the same to plaintiff; that plaintiff relying upon such promise sold and delivered the horse to said Park, and in consideration thereof, defendant guaranteed the payment of said note and delivered the same to the plaintiff in payment for said horse, which he, the plaintiff, accepted; that the time of payment of said note has long since elapsed and the same has not been paid, of which defendant had notice, whereby he became liable to pay plaintiff the sum of money therein specified, according to the tenor of said note.

The second count is like the first except that it avers that, at the time of said guaranty, the note was past due, and, except for said guaranty, was wholly worthless, of which defendant had notice, and thereby he became liable to pay

Porter v. Drennan.

to plaintiff the sum of money therein mentioned on request.

The third count is like the second except that it alleges the ownership of the note to have been in defendant and Frank Park, but that defendant made his individual guaranty thereof as alleged in the other counts.

The arguments of counsel on both sides have been mainly devoted to the discussion of a supposed liability of defendant growing out of a certain indorsement appearing upon the note, as set out in another count not yet noticed. As the sufficiency of each count must be determined by its own averments, we can not look into anything contained in any subsequent count, in determining the sufficiency of those now under consideration. There is no allegation in any one of the first three counts that the alleged guaranty was made by indorsement upon the note, nor even that it was in writing.

The rule seems to be well established that although a guaranty may be avoided if it has not been reduced to writing, yet in declaring upon it, it is not necessary to set out the writing or even to aver that it was in writing. Brandt on Suretyship and Guaranty, Sec. 77; Walker v. Richards, 39 N. H. 259; Lilly v. Hewitt, 11 Price (5 E. C. L.), 494; Ecker v. McAllister, 45 Md. 290; Marston v. Sweet, 66 N. Y. 207. In each one of these counts the note is sufficiently described to identify the debt alleged to have been guaranteed; it is alleged that defendant guaranteed the payment thereof to the plaintiff in consideration of the sale of the horse; that the same has not been paid, and that the defendant had notice of such facts as would render him liable upon his guaranty.

The demurrer is general, and goes to the entire declaration and to each count. No question as to the form of the counts has or could have been raised. The simple question is whether or not the facts alleged raise a contract of guaranty between plaintiff and defendant. We are of opinion that such a contract is sufficiently alleged, and that the demurrer to these three counts was improperly sustained.

Counsel for defendant seem to argue that the circumstances of the case preclude a recovery upon the common count of *indebitatus* assumpsit, for the price of the horse.

We can not upon demurrer, look outside of the count itself, and finding no valid objection thereto, we must also hold that the demurrer to it was improperly sustained.

After the foregoing counts had been filed, plaintiff by leave of the court, filed an additional count of which the following are the material averments: "That plaintiff was the owner of a horse worth $85, and that defendant and one Frank Park were the owners of the above described note, upon which there was due, Nov. 16, 1881, the sum of $85, and that plaintiff, at the special instance and request of said defendant, and upon defendant's promise and undertaking to assign and sell the said note to plaintiff as the consideration for the said horse, agreed to sell and deliver said horse to said defendant and Frank Park; that plaintiff, confiding in the said promise and undertaking of said defendant, sold and delivered the said horse to said defendant and Frank Park, and said defendant assigned the said note to said plaintiff in words and figures as follows:

For value received I assign the within note to W. A. Porter, this 16th day of November, 1881.

F. P. DRENNAN.

And then and there delivered said note to said plaintiff so assigned, as the consideration for the sale of said horse; that the note was at that time long past due, unpaid, and of no value whatever before and until the same was so assigned by defendant, which was well known to defendant. That the maker of said note was, before and at the time of said assignment of same by defendant, utterly insolvent and unable to pay the said amount or any part thereof, and from thenceforth had continued to be insolvent, so that a suit against him would, at the time of the assignment or afterward, have been unavailing, of which the defendant had notice, and by means whereof defendant became liable to pay to said plaintiff the sum of $85, the amount due on said note as the price of said horse, when requested, and avers request and failure to pay.

It will be observed that it does not appear by this count in what manner defendant ever became so related to the instrument in question, as to be able to transfer the legal title thereof

Porter v. Drennan.

to the plaintiff. It is well settled law in this State, that this can be done only by indorsement, and that in a suit by the indorsee against the maker it is necessary to so aver in the declaration. Keeler v. Campbell, 24 Ill. 287. This count is apparently an attempt to render defendant liable under the statute as a simple indorser of the note in question. But, in order to do so, it must set out facts from which the court can see that he sustains that relation to the note. In Hilborn v. Artus, 3 Scam. 344, in speaking of just such a note as this which had been indorsed by one not holding the legal title, the Supreme Court say, "we think there can be no question that, under our statute, notes payable to a person or bearer can not be transferred or assigned by delivery only, so as to authorize the holder by delivery to sue in his own name. There is but one way by which he can do so, and that is by virtue of the assignment indorsed on the note itself. The indorsement gives the right to sue in the name of the assignee. This note, then, as appears on the face of this declaration, did not come to the defendant (the indorser) by indorsement, and he had no authority to assign it by indorsement. He could not transfer the interest in it so as to enable the assignees to sue the maker in their names, and, consequently, could not be liable himself in an action of debt brought against himself by such assignees." We regard that case as holding, that where the liability is created by statute, or where it depends upon something required by the statute, the declaration must allege that the conditions so imposed have been performed. Although that was an action of debt, yet we regard the reason assigned why the defendant could not be sued in that form of action equally conclusive in an action of assumpsit, wherein, as in this count, nothing more is alleged against the defendant than an indorsement of the note for a valuable consideration, its non-payment by the maker, and the use of due diligence, or an excuse therefor, by the indorsee. Had the note come to the defendant by regular indorsement, and had he assigned it by indorsement to the plaintiff, so as to have enabled him to sue the maker and thus to have used the diligence required by the statute, and had the indorsee done so, or alleged

a sufficient excuse for not doing so, the defendant would have been liable upon his indorsement, because the statute makes' him so. But, it is very evident, the statutory requirements are not met when the legal title to the note and the right to bring suit upon it are still in some third person, whose actions the assignee of the note can not control.

It is contended by counsel for plaintiff, that, as intimated in Hilborn v. Artus, *supra*, the defendant is liable in a special action on the case, declaring specially and setting out all the facts of the case in relation to the note, its delivery, assignment and the consideration. This may all be true, and yet the count in question would still be insufficient. It alleges no contract or promise other than that which the law would imply from the simple indorsement of any note for a valuable consideration, and that implied promise having failed for want of authority on the part of defendant to make the indorsement, the count must be held insufficient to sustain the action.

It has often been held, that indorsers of non-negotiable paper assume some kind of liability to their immediate indorsees, but what that liability is depends very much upon the kind of paper so indorsed, and what relation the party making the indorsement sustained to the paper when he indorsed it: Chitty on Bills, 13 Am. Ed. 197, 226, n; Byles on Bills 143, 359, n. And in this respect, a marked distinction prevails between notes and bills of exchange: Gwinnell v. Herbert, 5 Ad. & El. 436. In the present stage of the case, we do not feel called upon to determine whether any right of action exists upon this indorsement. We are of opinion, however, that some extraneous proof will be needed, if the circumstances of the case will admit of it, to bring it within the scope of the first three special counts.

Had the indorsement been in blank, the plaintiff would have been at liberty to fill it up with the real contract between the parties. But the record now before us does not call for an expression of any opinion from us as to the nature of the liability, if any, which the law would cast upon defendant, from the words of this indorsement alone, in case parol evidence of the real undertaking of the defendant be found inadmissible.

For the reasons herein given, the judgment of the court below is reversed and the cause remanded, with directions to overrule the demurrer to all the counts in the declaration, except that one called the additional count, and with leave to plaintiff to further amend his declaration as he shall be advised.

Reversed and remanded.