## Joseph B. and Mary E. Quinn
## v.
## Levi W. McMahan.

*Partnership—Expiration by Terms—Accounting—Former Adjudication—Estoppel.*

1.   The theory of a bill must be made to appear from the allegations in it.   The object of pleadings is to inform the adverse party and to guide the court in the determination of the issue, and in formulating the relief which it is to grant.

2.   An account can not be properly decreed where the allegations of the bill do not warrant it, or where the bill does not pray for it.   A want of allegation to sustain the relief sought, is as fatal as the lack of proof to show the party entitled to such relief.

3.   The jurisdiction of a court extends territorially wherever its process may be executed.   Jurisdiction does not depend upon the locality of property, where the property is not real estate, but upon the residence of the defendants.

4.   Upon a bill filed by a partner for an accounting, the same setting forth that the partnership had expired by its own terms, and that the partnership accounts were unsettled, this court holds that there was no proceeding in another county looking to a settlement of the partnership accounts as between the partners themselves, and that the proceedings in said county could be no bar to or estop the prosecution of complainant's bill for an accounting in Cook County.

5.   The proper and ordinary form of prayer for settlement of an account is, that an account may be taken by and under the decree and direction of the court, of all the partnership dealings and transactions between the complainant and the defendant, and that what shall appear thereon to be due from the defendant, may be decreed to be paid by him, the complainant offering to pay whatever shall be found due from him to the defendant on such accounting.   The latter portion of this prayer is not absolutely necessary, as a prayer for an account between the parties will enable the court to do justice between all parties concerned, and authorize a decree against the complainant for any balance that may be found against him.

6.   Until a final judgment is reached there can be no estoppel by judgment or decree, and an interlocutory order does not settle the rights of the parties and is not regarded as a verity, for the reason that it may at any time be changed or altered before the final decree is entered.

[Opinion filed June 2, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. W. T. BURGESS, TRUMBULL, ROBBINS & TRUMBULL, EDWARD OWINGS TOWNE and RICHARD H. TOWNE, for appellants.

Messrs. BOOTH & BOOTH and ORR & CRAWFORD, for appellee.

MORAN, J.: Joseph B. Quinn filed, November 3, 1884, in the Circuit Court of Cook County, a bill of complaint against Levi W. McMahan of Pike County, Illinois, and Mary E. Quinn of Cook County, Illinois. The bill alleges that the complainant became a partner with said Levi W. McMahan in the milling business in Griggsville, Pike County, Illinois; that said Mary E. Quinn was admitted to the partnership; that articles of copartnership were drawn, and provided for carrying on business under the name of McMahan & Company for one year from its date; that the copartnership has expired by its own terms; that the partnership accounts remain unsettled; and prays that an accounting may be taken of all transactions of the firm and of the moneys paid and received by the respective partners, and alleges that the defendant, McMahan, will be found indebted upon said accounting to the complainant, Joseph B. Quinn; that said McMahan had applied the money of the partnership and of the firm to his own use, and not rendered true accounts; prays that he be required to pay what, upon the taking of the account, shall be found to be due from him to said complainant, and offers to pay what, if anything, shall be found due from complainant to said McMahon or to said Mary E. Quinn, or to either of them.

Summons was served on Mary E. Quinn in Cook County, and upon McMahan in Pike County on November 13, 1884. Said Mary E. Quinn answered the said bill on February 18, 1885, and on April 11, 1885, said McMahan, after his demurrer and certain pleas to said bill had been overruled,

answered the same. On May 18th a replication was filed to the said answers of Mary E. Quinn and McMahan, and on June 29, 1886, a decree was entered in the Circuit Court of Cook County finding the allegations of complainants' bill true, and that there were unsettled accounts between the complainant and the defendant in reference to said partnership dealings, and referring the case to a master to ascertain the condition of the partnership accounts and report with all convenient speed. September 19, 1889, one Lee was appointed receiver of the estate and property, effects, rights, credits, books, papers and things in action of the said copartnership, and was invested with the usual powers and duties of a receiver in chancery, and the parties to said suit were directed to transfer and deliver to said receiver all the property of the said firm.

On October 13, 1890, the master's report was filed, stating the condition of the account between the complainant and the respective defendants. To this account McMahan filed objections before the master, and afterward exceptions to the master's report were filed.

On the 16th of January, 1891, the said McMahan filed his cross-bill, setting up various proceedings in Pike County in a suit in which said McMahan was complainant and the said Joseph B. Quinn and Mary E. Quinn were defendants, and claiming that the appearance and actions of the said Joseph B. Quinn in the said suit in Pike County estopped him from seeking to proceed with the bill for an accounting in Cook County. The cross-bill set up matters occurring since the filing of the original bill in Cook County, and therefore is in the nature of a plea *puis darrien continuance*. The bill and amended bills filed in Pike County are made exhibits to this cross-bill, and from an inspection of the exhibits we ascertain what the nature of the proceeding in Pike County was. The first exhibit shows that on the 13th of October, 1884, said Levi W. McMahan filed a bill in the Circuit Court of Pike County against Mary E. Quinn, Joseph B. Quinn and George B. Quinn, a minor, alleging that said Mary E., Joseph B. and George B. Quinn are seized in fee simple as tenants in

common with complainant, of certain lots specifically described in the bill, situate in the town of Griggsville, in Pike County, Illinois; that there is a large merchant flouring mill on said premises, and stating how the title to said premises was derived; that said Joseph B. Quinn, Mary E. Quinn and said McMahan operated said mill as partners, and that said partnership has been dissolved by the expiration of its own terms; that there is a large amount of goods and chattels and notes and accounts belonging to the firm, and that the firm is indebted to divers persons, and that no person except complainant and the said defendants have any interest or title in the lands; prays that a division and partition of said real estate be made by and under the direction of the court between complainant and said defendants, according to their respective rights and interests, and that if it be found that partition can not be made without manifest prejudice to the parties, that said real estate be sold and the proceeds thereof distributed between the parties; prays for a summons of Cook County against Mary E. Quinn and Joseph B. and George B. Quinn.

The exhibits further show that on November 13, 1884, an amendment or amended bill of complaint was filed, which is identical in its terms with the one first filed, except that after the prayer for partition it alleges that the firm is indebted to divers persons; that the copartnership was for the purpose of carrying on a general milling and grain business, which will more fully appear by reference to the copartnership articles, and proceeds to state the character of the business done, the property on hand belonging to the firm, the debts due the firm, and the danger of the property being lost; prays that S. C. Hoyt be appointed receiver for the firm, to take and possess and control the firm property and effects, and make settlement of the same.

On November 18, 1884, another amended bill was filed which sets out various business transactions of the firm, shows that there is a large quantity of flour in the mill out of which debts due to divers persons should be paid; that there are accounts and notes amounting to $4,000 belonging to the firm which are unsettled; that they should be immediately col-

lected; that there is property in the hands of commission merchants not disposed of. Then follows a prayer for partition of the real estate, and a prayer that an account may be taken of all and every the said *copartnership dealings* and transactions from the time of its commencement to the end, and also an account taken of all the money received and paid out by the complainant and defendant; that some suitable person be appointed to receive and take charge of the books and accounts, collect the moneys due the firm, and make full settlement and pay off the debts of the copartnership out of the copartnership funds, if sufficient, and also to take possession of the mill and take care of the same.

There are various pleas and demurrers by J. B. and Mary E. Quinn to said bills and amended bills, which it is not material to state. Among other of the exhibits to said cross-bill necessary to notice, is a certain consent decree entered in the Circuit Court of Pike County April 23, 1887, in and by which it was agreed between the parties, with consent of the court, that the cause should be referred to a master to take and report evidence pertaining to a partition of the premises, and the rights of the several parties in said premises, and directing a partition of the premises to be made, and there was a decree entered in accordance with said agreement, and such proceedings were had, that said real estate was sold and the money paid into court, and then, by a further order entered by consent, it was decreed that certain money in the hands of the master which came from the sale of said real estate, should be paid out to various creditors of the firm, whose names and the amount of whose respective indebtedness is mentioned in the order, and a further decree by consent that the balance of the money which should be paid into the master's hands as the proceeds of said real estate, should be equally divided between said McMahan and said Mary E. Quinn, and the cause stands continued.

There are some other exhibits, consisting of master's reports and certain motions for orders made in said suit in Pike County, which we do not deem it material to recite.

The said cross-bill was answered by said Joseph B. Quinn,

and the suit came to a hearing on the original bill and answer, the master's report, and the matter set up in said cross-bill, alleged to be in bar of the further prosecution of the suit in the Circuit Court of Cook County, and the court, after hearing the evidence, found that the money derived from the real estate in Pike County, and the moneys derived from the sale of partnership property made by the receiver, and debts due the partnership collected by the receiver, were applied, with the consent of Joseph B. Quinn and Mary E. Quinn, to the payment of partnership debts, and that thereby said Joseph B. Quinn and Mary E. Quinn have created an estoppel against themselves, and it is therefore ordered, adjudged and decreed by reason of the premises, the said Joseph B. and Mary E. Quinn are estopped from the further prosecution of' this suit and that the original bill of complaint in this cause be dismissed out of court, each party paying his own costs.

This decree is the one appealed from, and it is attempted to sustain such decree, first, upon the ground that the Circuit Court of Pike County had jurisdiction of the subject-matter of the litigation and of the parties; and second, by the fact that the Quinns appeared in the Circuit Court of Pike County and permitted certain decrees, above recited, to be entered therein by consent.

It will be observed that the bill filed in the Circuit Court of Cook County, by Joseph B. Quinn, on November 3, 1884, prayed for a settlement of all the partnership business, and a settlement of the partnership accounts as between the partners, and asks for a decree for what may be found due from McMahan to complainant, and offers to pay whatever may be found due from complainant to either of the defendants.

The bill filed in Pike County on the 13th of October was purely and simply a bill for the partition of real estate, and the amended bill filed on November 11th, while it alludes to certain partnership transactions, can in no sense be said to be a bill filed by McMahan for an account against the Quinns. Indeed, it is very doubtful whether the last amended bill filed in Pike County can be regarded as a bill for an account between the partners. It does not directly pray that an

account may be had between the partners. It recites certain partnership transactions, which consisted of buying and selling wheat and flour and running the mill, and paying out and receiving certain moneys by different members of the firm, and then prays that an account may be taken of all and every of the said copartnership dealings and transactions from its commencement to the end, and also an account of all the money received and paid out by complainant and defendant.

The proper and ordinary form of prayer for settlement of an account between partners is, that an account may be taken by and under the decree and direction of the court, of all the partnership dealings and transactions between the complainant and the defendant, and that what shall appear thereon to be due from the defendant may be decreed to, be paid by him, the complainant offering to pay whatever shall be found due from him to the defendant on such accounting.

The latter part of this prayer is not absolutely necessary, as a prayer for an account between the parties will enable the court to do justice between all parties concerned and authorize a decree against the complainant for any balance that may be found against him. Wells et al. v. Strange, 5 Georgia, 22; Clark v. Tipping, 4 Bevan, 588; Knebell v. White, 2 Young & Collier's Exchequer, 15.

Considering the original bill and all the amended bills filed in Pike County, it is at least doubtful whether the proceeding can be regarded as one to settle the accounts between the partners, or as anything more than a proceeding to dispose of the real estate and apply the proceeds thereof in the payment of debts, and to collect certain amounts due the firm and apply the money in the same way.

The language of the Supreme Court of this State in Winchester v. Grosvenor, 48 Illinois, 517, is applicable and in point. It is there said: "The bill does not appear to have been framed with a view to having a statement of accounts but rather and only with the purpose of obtaining an injunction to stay the proceedings at law. It is true that the bill alleges that the books were to have been balanced and accounts settled, which had not been done; that Grosvenor

ascertained from an examination that he was indebted to appellant and designed to prevent a settlement of the accounts for the purpose of defrauding her. There is no positive averment that Grosvenor or appellee is indebted to appellant on account of the firm business; nor is there any allegation that she ever called upon appellee for a settlement, or that appellee designed to defraud her. The allegation is that it was her husband, who was her agent, who had that design. Nor does the prayer indicate that the bill proceeded for a settlement of accounts. It is that the partnership matters may be closed up and settled. There is no prayer that they be required to make out and submit an account, and that the balance on their partnership dealings may be ascertained, and for a decree for the balance to appellant."

The theory of a bill must be made to appear from the allegations in it. The object of pleadings is to inform the adverse party and to guide the court in the determination of the issue, and in formulating the relief which it is to grant. An account can not be properly decreed where the allegations of the bill do not warrant it, and where the bill does not pray for it. A want of allegation to sustain the relief sought is as fatal as the lack of proof to show the party entitled to such relief. If parties are not held bound by their pleadings, the very object of having pleadings would be defeated. Parties to proceedings would be misled, and there would be a lack of all that certainty and definiteness which is necessary to correct legal proceedings and to the attainment of justice. Therefore, it may be justly concluded that there was no proceeding in Pike County looking to a settlement of the partnership accounts as between the partners themselves, and it follows that on that ground the proceedings in Pike County could be no bar or estoppel to the prosecution of complainant's bill for an accounting in Cook County. But if the ambiguous prayer in the last amended bill filed in Pike County can be regarded as authorizing a settlement of accounts as between the different partners, it will be seen that that element was not introduced into that litigation till some time after the filing of complainant's bill in Cook

County. At the time complainant's bill was filed the litigation in Pike County involved only the partition of the real estate. Then it is manifest that the jurisdiction of the Circuit Court of Cook County first attached to the subject-matter of the partnership account as between the partners themselves, and that jurisdiction could not be divested by a subsequent amendment of the bill in Pike County drawing that subject-matter into the cause relating to the partition of the real estate.

We can see no ground whatever for holding that the decrees consenting to the sale of the real estate in Pike County and consenting to a particular distribution of the proceeds of such real estate and of the proceeds of certain collections of debts due to the firm, can form an estoppel against the complainant Joseph B. Quinn. The subjects to which this consent applied had no relation to the settlement of accounts between the partners, which is the principal thing sought in the bill filed in Cook County. The jurisdiction of the Circuit Court of Cook County having attached first, and no facts having occurred which divested that court of jurisdiction or prevented the complainant from pursuing his remedy there to a final decree, it was error for the Circuit Court to enter the decree appealed from, dismissing the original bill and relegating the parties to a settlement of their differences in the Circuit Court of Pike County. Where the court has jurisdiction, it is bound to proceed to the final determination of the question brought before it; but if it should be held that Joseph B. Quinn actually participated in a proceeding in Pike County for the settlement of accounts between the parties and consented to certain orders therein and took certain steps in said cause, still he would not be estopped from pursuing his remedy against the defendants in Cook County, which had rightful jurisdiction of the parties, by anything that appears in this record. No final decree of the Circuit Court of Pike County is pleaded, and until a final judgment is reached there can be no estoppel by judgment or by decree, and an interlocutory order does not settle the rights of the parties and is not regarded as a verity, for the

reason that it may at any time be changed or altered before the final decree is entered.

The suggestion that the Circuit Court of Cook County did not have jurisdiction because the personal property or the property of the partnership was not in Cook County but in Pike County can not avail. Jurisdiction does not depend upon the locality of property where the property is not real estate, but upon the residence of the defendants. The Circuit Court of Cook County having jurisdiction of the defendants can administer the rights of all the parties to personal property, and may, by its proper officer, take control and dispose of it in whatever county of the State it may be situated. The jurisdiction of a court extends territorially wherever its process may be executed. One of the defendants residing in this county, process upon the defendant residing in Pike County was properly issued and properly served, and gave the court in this county jurisdiction over him and all his rights pertaining to the subject-matter of an account as between him and the complainants in this case.

The decree of the Circuit Court must be reversed and the case remanded to the said court, with directions to proceed in said cause to a settlement of the partnership accounts in accordance with the rules and practice of the court.

*Reversed and remanded with directions.*