## THE GUTSCH BREWING COMPANY
### v.
## HENRY FISCHBECK AND FERDINAND HOLLANDER.

*Practice.*

Parties must disclose by their pleadings the grounds on which they are seeking redress. A want of allegation to sustain the relief sought is as fatal as the lack of proof to show the party entitled to such relief.

[Opinion filed November 2, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. FLOWER, SMITH & MUSGRAVE, for plaintiff in error.

Messrs. WILLIAM A. DOYLE and JOHN C. RICHBERG, for defendants in error.

MORAN, J. Defendant in error, Fishbeck, filed the bill and afterward his amended bill in the case against Hollander, and the Gutsch Brewing Company, and alleges that said Hollander and said Fishbeck had entered into a copartnership for the purpose of contracting for and selling beer and beverages for the Gutsch Brewing Company; that said copartnership contracted with said brewing company to solicit orders and sell beer and went to work under said contract; that by said contract said firm was to receive for their services $5 per day for three months from February 1, 1890, and a certain commission for each and every barrel of beer sold by said firm; that complainant had spent his entire time in the business of the firm and Hollander but a portion of his time, but that Hollander was allowed to collect the moneys due the firm from the brewing company, and that having collected a considerable sum and received the stipulated salary, said Hollander has not accounted to complainant, and refused to account for the said moneys collected by him.

The bill then proceeds to allege Hollander and the brewing company had entered into a conspiracy to compel complainant to discontinue the said copartnership, and that Hollander in violation of his partnership agreement did, as it were, sever his connection with the brewing company and with complainant, and said Hollander and said brewing company refused longer to recognize complainant and said Hollander as agents for said brewing company, and that said Hollander was at work for the brewing company under a new agreement; that said Hollander and said brewing company refused to recognize complainant or to account to him for any portion of the amount that is justly due him.

The prayer is that Hollander may be decreed to account and pay over whatever may be found due to complainant for his half interest in the partnership, and that said brewing company may be enjoined from paying to said Hollander any money until the right of complainant may be decreed, and that said company may be decreed to carry out their said contract with complainant and Hollander, and that the court decree that whatever sales or orders that have or may be taken by said Hollander may be decreed to be as and for the use and benefit of complainant jointly with said Hollander, as and for one-half interest by each in and to the same, and prays for general relief.

The default of the Gutsch Brewing Company was entered for a failure to answer the amended bill, and the case was referred to the master, where complainant proceeded to take an account against the said brewing company. The account was stated by the master, and the amount found due from the brewing company to Hollander & Fishbeck, was $5,003.89, for which a decree was recommended and entered.

The brewing company moved to set aside the decree after the term had passed, and said motion having been overruled, the record is brought here by writ of error, and the validity of the decree questioned on several grounds.

Without regard to other objections we are of opinion that the decree can not stand because of the lack of statements or allegations in the bill to authorize it. The want of a specific

prayer for an accounting against the plaintiff in error might be supplied by the prayer for general relief under which the court may grant any relief which the statement of a bill will warrant, but parties must disclose by their pleadings the grounds on which they are seeking redress. A want of allegation to sustain the relief sought is as fatal as the lack of proof to show the party entitled to such relief.

This bill was not framed with a view to having an account against the brewing company. It wholly lacks the essential averment that there was anything due from the company to complainant or to his firm. There is no allegation of fact or circumstances which would entitle complainant to ask for an accounting against said company. If an injunction was warranted by the allegations of the bill, it was to prevent the money of the firm from being paid to Hollander till the rights of Hollander and complainant could be determined.

If the allegations of the bill would warrant a decree that the company specifically perform the contract with Hollander and complainant, they would not authorize an account of moneys earned under some other contract.

The theory of a bill must appear from the allegations in it. The decree must be *secundum allegata et probata,* and unless the pleadings authorize the decree, the most satisfactory proof will be unavailing to sustain it. Winchester v. Grosvenor, 48 Ill. 517; Marvin v. Collins, 98 Ill. 510; Walters v. Walters, 132 Ill. 467; Quinn v. McMahon, 40 Ill. App. 593.

The decree must be reversed and the case remanded for such further proceedings as the parties may deem proper to take.

*Reversed and remanded.*