### Harty Bros. and Harty Co., Appellee, v. Samuel Polakow, Appellant.

### Gen. No. 14,074.

MUNICIPAL COURT—*when without jurisdiction.* The Municipal Court of Chicago has no jurisdiction of an action instituted by a sub-contractor against the owner of a building and the general contractor therefor, jointly, under the mechanic's lien act—no contract relation existing between such sub-contractor and owner.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed. Opinion filed June 16, 1908.

MAX M. GROSSMAN, for appellant; H. J. ROSENBERG, of counsel.

BULKLEY, GRAY & MORE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Harty Bros. and Harty Co., a corporation, brought in the Municipal Court of Chicago an action of *assumpsit* against Polakow and Bass and Bornstein. The trial resulted in a judgment against all of the defendants for $1,998.79, from which Polakow prayed, was allowed and perfected a separate appeal to this

court. ·Polakow in 1906 built a building on a lot of which he was the owner. His co-defendants, Bass and Bornstein, contracted with him to do the carpenter work and furnish the materials for said building for a certain sum, which Polakow agreed to pay them therefor, Bass and Bornstein contracted with the plaintiff to furnish the mill work for said building at the price of $7,300. The recovery was for mill work furnished by plaintiff to Bass and Bornstein under said contract, and by them used in said building under their contract with Polakow. The liability of Polakow to plaintiff for the materials furnished by plaintiffs to Bass and Bornstein depends on the Mechanics Lien Act of 1903. That act provides that in certain cases, upon giving certain notice, etc., the material man may bring his action at law against the contractor and owner jointly, and recover against both.

We shall consider only the question whether the Municipal Court of Chicago had jurisdiction of the subject-matter of the suit. If it had such jurisdiction, it was conferred by the clause of section 2 of the act creating the court, which gives that court jurisdiction of, ''all actions on contracts, express or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars.'' There was no contract relation between Polakow and plaintiff, but there was one contract between plaintiff and Bass and Bornstein, and another contract between Bass and Bornstein and Polakow. Plaintiff's right to recover in an action at law against Polakow jointly with Bass and Bornstein grew out of no contract, express or implied, between plaintiff and Polakow, but out of the existence of a lien in favor of the plaintiff upon the land of Polakow on which Bass and Bornstein built a building for Polakow under their contract with him, and for which plaintiff furnished Bass and Bornstein mill work. This lien for materials furnished Bass and Bornstein and by them used in said building, was given to plaintiff by section 21 of the Lien Act of 1903.

572 APPELLATE COURTS OF ILLINOIS.

VOL. 141.] Chicago Ry. Equip. Co. v. Natl. Hollow Brake Beam Co.

That section provides that a material man shall be known under the act as a sub-contractor. Section 28 of the act prescribes the remedies of the subcontractor to enforce the lien given to him by section 21, which may be either by petition to enforce the lien against the land or by an action at law against the contractor and the owner jointly. That such action at law is a remedy given to the subcontractor to enforce his lien, and that his right of action depends upon the existence of the lien cannot be questioned. The section provides, "that such action at law shall be maintain (maintained) against the owner only in case the plaintiff establishes his right to the lien." The action cannot, in our opinion, be considered an action on a contract, either express or implied, and therefore the Municipal Court had no jurisdiction over the cause. Cooper v. Skinner, 124 Mass. 183; Smith v. Silsbe, 53 N. Y. App. Div. 462.

It follows from what has been said that in our opinion there can never be a recovery against the defendant Polakow in this case in the Municipal Court, and the judgment of that court against him will therefore be reversed but the cause will not be remanded.

*Reversed.*