## Harty Bros. and Harty Co., Appellee, v. Samuel Polakow, Appellant.

### Gen. No. 14,074.

1. PLEADING—*when recovery cannot be had under common counts.* An action which is founded upon an obligation created by statute cannot be recovered upon under the common counts; the declaration in such an action must allege all the essential elements provided by the statute from which such obligation arises.

2. JUDGMENTS—*must conform to pleadings.* A judgment must conform to and be supported by the pleadings in the cause.

*Assumpsit.* Appeal from the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 29, 1909. Rehearing denied November 9, 1909.

MAX M. GROSSMAN, for appellant; H. J. ROSENBERG, of counsel.

BULKLEY, GRAY & MORE, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The substantial facts of this case are stated in the opinion of this court in Harty Bros. and Harty Co. v. Polakow, 141 Ill. App. 570; and in the same case on appeal 237 Ill. 559, and need not be here repeated.

The Supreme Court has disposed of three questions involved in the case, namely (1), that the Municipal Court had jurisdiction to hear and determine the cause, (2) that there is an implied contract under the mechanics lien law between the owner and the subcontractor by which the owner, when a subcontractor has complied with the requirements of the lien law so as to create a lien in his favor, to pay the subcontractor all such amounts as he may be entitled to recover from him and under section 28 of the lien law, and (3) that an action of *assumpsit* is the proper remedy on such contract.

Appellant Polakow now contends that there can be no recovery by appellee in this case under the common counts; second, that the judgment in this case is void; and, third, that under the evidence nothing was due and payable to the contractors at the time this suit was brought and, therefore, there can be no recovery against appellant.

In the view we take of this case it is unnecessary for us to consider and determine but one of these questions, namely, whether or not there can be a recovery in this case under the common counts filed. The counts necessarily relied upon are for goods sold and delivered, and for money due and owing from the defendant to the plaintiff.

This action is founded clearly upon an obligation created by the statute—the implied contract raised by

the statute on the part of the owner of the premises. The declaration on such a cause of action must allege all the essential elements provided by the statute from which the obligation arises. It is said in Pace v. Vaughan, 1 Gilm. 30: "It is a general rule in pleading, that in an action founded on a statute, the declaration should show specially that the case comes within the provisions of the statute. * * * The defendant ought to be notified particularly of the grounds of the action. 1 Chitty's Pl., 405; 6 Comyn's Dig., 88; Cole v. Smith, 4 Johns 194; Benton v. Dale, 1 Cowen 160; Livingston v. Platner, *ib.* 175." See also St. L. A. & T. R. R. Co. v. Hill, 11 Ill. App. 248.

In Porter v. Drennan, 13 Ill. App. 362, the court said, referring to Hilborn v. Artus, 3 Scam. 344: "We regard that case as holding, that where the liability is created by statute, or where it depends upon something required by the statute, the declaration must allege that the conditions so imposed have been performed."

The cause of action set out in the declaration does not depend upon the mechanic's lien law nor does it have any reference to that statute. It is a different cause of action from that recovered upon, and set out in the judgment of the court. This is a violation of a fundamental rule of pleadings and practice, which is that a court cannot properly put upon its record a judgment which is not a proper sequence to the pleadings. A judgment must conform to and be supported by the pleadings in the case. Reynolds v. Stockton, 140 U. S. 254; Gutsch Brew'g Co. v. Fischbeck, 41 Ill. App. 400; Quinn v. McMahon, 40 *id.* 593. Facts proved but not pleaded will not support the judgment.

The evidence offered in the record would have been excluded properly as not admissible under the declaration on a motion to exclude. To have overruled such a motion would have been error. The same point was raised, on the trial before the court without a jury, by submitting to the court, to be held as the law governing the disposition of the cause, proposition number

2, to the effect that no recovery can be had in this case under the common counts against the defendant Polakow. The judgment in this case is not responsive to the issues tendered by the pleadings. These issues did not require the court to find the facts essential to entitle the plaintiff to a mechanic's lien on the property described in the judgment and that the plaintiff had a lien on the property. Under proper pleadings the judgment required by the statute would be responsive to the declaration and a proper sequence thereto.

The trial court should have held the proposition submitted. For the error indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*