**Emil Jacobson, Appellee, v. Joseph J. Duffy, Appellant.**

**Gen. No. 5178.**

1. NEGLIGENCE—*when declaration does not state cause of action.* In an action by a servant against his master for personal injuries in which negligence is charged as having been committed by the defendant's servants, a cause of action is not set up unless it is averred that the servants charged with negligence were not fellow servants of the plaintiff.

2. NEGLIGENCE—*what declaration charging, need not aver.* If the declaration charging negligence sets up sufficient facts from which the law raises a duty on the part of the defendant, an allegation of such duty need not be made.

3. STATUTE OF LIMITATIONS—*when new cause of action not set up.* If the original declaration stated defectively a good cause of action, an amended declaration which re-states such cause of action in technical form does not set up a new cause of action.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded with directions. Opinion filed May 18, 1910.

J. L. O'DONNELL, T. F. DONOVAN and R. J. FOLONIE, for appellant.

A. E. MILLER and J. S. REYNOLDS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

In 1904 Joseph J. Duffy was engaged in digging a portion of the drainage canal of the Sanitary District of Chicago through what was known as section two, mostly in solid rock, which was broken by the use of dynamite. Holes were drilled in the rock to a depth of ten, twelve or fourteen feet, six or eight feet apart each way across the channel, and a small charge of dynamite, usually a single stick, was then placed in each hole and exploded by electrical appliances. This was called "springing the holes." The force of the explosion would clear the holes of loose rock, mud and water, and make a pocket in which to place a suitable amount of dynamite to break and disintegrate the rock, after which it was removed. On December 31, 1904, Emil Jacobson and a number of other employes of Duffy were engaged in drilling and springing holes on said section two. Jacobson was working as drill helper six or eight feet from a hole that had been charged with a single stick of dynamite connected by wire with an electric battery forty or fifty feet distant in charge of another servant of Duffy. Upon a signal being given by the foreman that the hole was about to be sprung, Jacobson heard it and left the drill to seek a place of safety. Whether he became confused and stepped in the wrong direction, or whether he slipped upon a loose stone, is not clear from the evidence, but he was directly over the hole when the explosion occurred and was thrown into the air by its force and was injured. He was taken home and was confined to his bed six or eight weeks. On April 4, 1906, he brought suit in the Circuit Court of Will county against Joseph J. Duffy and Mortimer Scanlan to re-

cover damages for injuries claimed to have been so sustained, and filed a declaration containing eight counts. On the trial he dismissed the second, fourth, seventh and eighth counts, and obtained a verdict and judgment for $10,000, which on appeal to this court was reversed. Duffy v. Jacobson, 135 Ill. App. 472. A more complete statement of the facts may there be found. The case was remanded and redocketed, and on October 26, 1907, by leave of court, Jacobson filed five amended and additional counts, to each of which Duffy interposed a plea of not guilty and a plea of the Statute of Limitations. A demurrer was sustained to the pleas of the Statute of Limitations. Scanlan filed a plea denying that he was engaged in the business with Duffy and that he was the owner of machinery or appliances. The suit was dismissed as to Scanlan, and a trial resulted in a verdict of $15,000 against Duffy. A motion for a new trial was made. The court required a *remittitur* of $7,500 from the verdict, and denied the motion for a new trial and a motion in arrest of judgment. Judgment was entered for $7,500, and Duffy appeals.

The amended or additional counts were filed after the Statute of Limitations had run, and unless they can be regarded as a re-statement of the causes of action set out in the first, third, fifth and sixth counts of the original declaration, the pleas of the Statute of Limitations were a bar, and the ruling of the court on the demurrer to the pleas was erroneous.

The first count of the original declaration charged defendant with the duty to furnish plaintiff a reasonably safe place in which to work, the duty to give warning to him and the several servants, and to warn them of the danger in exploding dynamite and to use precautions necessary to protect the life and limb of plaintiff and the other servants. There was no allegation of a breach of these duties. In Wells v. O'Hare, 209 Ill. 627, it was said: "A declaration, to recover for negligence, must allege the negligence or

omission relied upon to give the right to recover."
The count also alleged that defendant by certain serv-
ants caused holes in the rock filled with explosives to
be negligently exploded; that defendant, by the negli-
gent manner of his employes who had charge of the
explosives, wire or electric batteries, exploded the
same in the holes in close proximity to plaintiff. These
averments were not sufficient to establish that the re-
lation of fellow-servants did not exist between plaintiff
and defendant's servants by whose negligence plaint-
iff claims to have been injured, and there was no direct
averment that they were not fellow-servants. In Joliet
Steel Co. v. Shields, 134 Ill. 209, it was said: "The
words, 'defendant's servants,' clearly include any and
all of defendant's servants, and so, necessarily, it is
not sufficient here, merely to allege and prove an in-
jury to the plaintiff from the negligence of defend-
ant's servants generally, for it is just as consistent
with that allegation and proof that the defendant is
free of liability as that it is liable." In order to state
a cause of action it is necessary to allege directly or
by intendment that the servants charged with negli-
gence were not fellow-servants with plaintiff. Joliet
Steel Co. v. Shields, *supra;* Schillinger Bros. v. Smith,
225 Ill. 74. The third count has the same defect as the
first. We held on the former hearing of this case, not
as appellee claims, that the first and third counts
stated a cause of action defectively, but that they
failed to state a cause of action; and on a review of
the record we discover nothing that would cause us
to hold differently. If, as we held, the first and third
counts of the original declaration did not state a cause
of action, then it must follow that if the first and sec-
ond additional counts filed October 26, 1907, two years
and nine months after the accident, to amend the first
and third counts of the original declaration, did state
a cause of action, it was a new and different cause of
action, as these counts were a re-statement of matter
pleaded in the first and third original counts with new

matter added. The allegation that the servants of appellant through whose negligence appellee was injured were not fellow-servants with appellee, and the averment of appellant's breach of duty, were not contained in any count of the original declaration, and as the counts containing these allegations were not filed within the Statute of Limitations, the cause therein stated was thereby barred. Mackey v. Northern Milling Co., 210 Ill. 115; Bahr v. National Safe Deposit Co., 234 Ill. 101. The court erred in sustaining the demurrer to the pleas of the Statute of Limitations interposed to the first and second amended counts.

The fifth count of the original declaration alleged that the defendant was engaged in drilling and excavating dirt and rock from a certain portion of the drainage canal, and to carry on said work used machinery, drills and dynamite for blasting the rock, and employed workmen, among whom was plaintiff, who was employed as drill helper; that in springing the holes, dirt and rock would fly in all directions, endangering the lives and limbs of persons working near; that plaintiff was in defendant's employ and exercising due care for his own safety, and that it was defendant's duty to warn plaintiff when the holes were to be sprung and give him time and opportunity to escape danger, but regardless of such duty, defendant did not warn plaintiff in time to escape danger, by reason whereof plaintiff was not aware that said holes were about to be sprung, and defendant exploded a blast and caused stone, dirt, wire and rock to strike plaintiff and injure him. The sixth count alleged that defendant was engaged in digging dirt and rock from a portion of the drainage canal, and to carry on said business used machinery, drills and dynamite in blasting the rock, and employed workmen, among whom was plaintiff, who was employed as drill helper; that it was defendant's custom to give warning and give plaintiff and other employes time and opportunity to escape danger and to get in a place of safety when the

holes loaded with dynamite were to be blasted, and that the warning of "fire" or blowing a whistle was given; that plaintiff knew and relied on such custom for his protection; that it was defendant's duty to warn plaintiff and to give warning "fire" or blow said whistle or give other warning of danger in time for him to escape all danger, but defendant contrary to said custom did not warn plaintiff or blow said whistle in time for plaintiff to escape all danger, and exploded a blast, by reason whereof while plaintiff was in the exercise of ordinary care, he was injured.

We are of the opinion that the allegations contained in the fifth and sixth counts stated a cause of action defectively, but that sufficient facts were set up from which the law would raise a duty on the part of defendant to warn plaintiff in sufficient time for him to escape all danger before springing the holes, and that enough was charged to form a basis for the third, fourth and fifth additional counts. The Statute of Limitations requiring a suit for personal injuries to be brought within two years does not apply to matters of pleading, and should not be given that effect indirectly by holding that an imperfect statement of a cause of action is no statement at all. North Chicago Street R. R. v. Aufmann, 221 Ill. 619. The third, fourth and fifth additional counts were a re-statement in somewhat different form of the cause of action set up in the fifth and sixth original counts. If the third, fourth and fifth additional counts had stated some other cause of negligence there would be force in appellant's contention that all the additional counts stated a cause of action barred by the Statute of Limitations. The demurrer was properly sustained to the pleas of the Statute of Limitations interposed to the third, fourth and fifth additional counts.

An examination shows that the act or wrong relied on in the first and second additional counts is the negligence of appellant's servants, not fellow-servants with appellee, and the act or wrong relied on in the

third, fourth and fifth additional counts is appellant's neglect to warn appellee when about to spring the holes so that he could escape danger; one the wrong of appellant's servants and the other that of appellant himself. The evidence to sustain the one would not sustain the other and the evidence relied on as a defense to one could not be relied on as a defense to the other. The plea of not guilty made an issue to be tried by the jury on each of the additional counts. Much evidence was introduced by the respective parties on the issues presented. For aught that appears, the jury may have based their verdict entirely on the issues raised upon the first or second additional counts containing causes of action not pleaded until barred by the Statute of Limitations. Under such circumstances, it cannot be said that appellant was not prejudiced by the ruling of the court in sustaining the demurrer to the pleas of the Statute of Limitations interposed to the first and second additional counts. Chicago City Ry. Co. v. Leach, 182 Ill. 359.

Appellee's contention that the judgment should not be reversed if the declaration contains a count that is good is not applicable to the condition of this record, since it contains a cause of action pleaded within the limit of the Statute of Limitations and another pleaded for the first time after the bar of the statute, and it cannot be determined upon which the verdict rests.

Other assignments of error have been argued, but the same questions are not likely to arise again in the same form, and we think it unnecessary to discuss them, except to suggest that $7,500 seems to us to be more than adequate compensation for the injuries this record shows appellee has sustained.

For the error of the trial court in sustaining the demurrer to the pleas of the Statute of Limitations interposed to the first and second additional counts, the judgment of the Circuit Court is reversed and the cause remanded, with directions to the trial court to

overrule the demurrer to the pleas of the Statute of Limitations interposed to the first and second additional counts.

*Reversed and remanded with directions.*

MR. PRESIDING JUSTICE DIBELL took no part.