## Lura A. Ross, Administratrix, Appellee, v. Chicago & Alton Railroad Company, Appellant.

### Gen. No. 7,008.

1. Limitation of actions—*sufficiency of averment of due care by decedent to support amendment after statute has run.* An averment that plaintiff's intestate was killed solely by reason of and as a proximate result of defendant's negligence is not an averment of due care by decedent or in regard to his conduct and the circumstances surrounding him at the time of the accident from which due care on his part may be reasonably inferred, and an amendment properly alleging due care of decedent, filed after the statute has run, is not effective to save the declaration as against a plea of bar by limitation.

2. Evidence—*admissibility of question calling for witness' reasons for doing certain act.* In an action for damages for the death of plaintiff's intestate in a railway crossing accident, the trial court properly sustained an objection to a question asked the towerman as to why he raised the gates at the crossing.

3. Pleading—*aider by verdict where defect objected to on trial.* The doctrine of aider by verdict cannot be invoked to cure failure to allege due care by plaintiff's intestate where the defect in the declaration was pointed out by a plea of bar by limitations and defendant stood on its plea after a demurrer thereto had been improperly sustained.

4. Pleading—*aider of defective count in declaration by averments in good count.* A count in a declaration seeking damages for the death of plaintiff's intestate in a railway crossing accident, which contained no allegation of due care by decedent, is not aided by allegations of due care in other counts in the declaration which are not referred to in the defective count, so as to permit amendment of the defective count after the statute of limitations has run against the cause of action attempted to be stated therein.

5. Railroads—*violation of speed ordinance by railroad as affecting necessity for averment of due care by decedent.* In an action against a railroad for damages for the death of plaintiff's intestate in a crossing accident, under section 24 of the act in relation to fencing and operating railroads (Cahill's Ill. St. ch. 114, ¶ 103), providing that, where damage has been done by a railroad while violating a municipal speed ordinance, the company will be liable for such damage, plaintiff is not relieved of the necessity of pleading and proving due care by decedent, by the fact that proof of the injury and violation of the ordinance make a prima facie case against the railroad.

Appeal from the Circuit Court of Livingston county; the Hon. EDWARD BARRY, Judge, presiding.* Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed August 5, 1922. Rehearing denied and opinion modified October 3, 1922.

DONOVAN & BRAY, for appellant; WINSTON, STRAWN & SHAW, of counsel.

DAVID K. TONE, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Lura A. Ross, as administratrix of the estate of John Ross, deceased, recovered a verdict and judgment against the Chicago & Alton Railroad Company for $8,000 under a declaration containing three counts. The first count of the declaration charged general carelessness and negligence in running and operating a train and in running it at a high and dangerous rate of speed. The second count charged the defendant with operating its train within the corporate limits of the City of Pontiac at a speed in excess of 10 miles an hour in violation of an ordinance of said city. The third charged the defendant with the violation of the statute [Cahill's Ill. St. ch. 114, ¶ 84] requiring a bell or whistle to be sounded for 80 rods immediately preceding an intersection of said railroad and Howard street in said City of Pontiac. All said counts averred that, by reason of the negligence complained of, one of appellant's trains collided with an automobile in which appellee's intestate was riding and thereby inflicted injuries upon him from which he died. The first and third counts expressly aver the exercise of due care and caution on the part of the deceased. The second count does not expressly aver due care of said

* The ruling on the plea of the statute of limitations was made by Judge G. W. Patton, since deceased.

intestate. Each count of the declaration avers that the date of the said accident and death was November 18, 1919.

After the filing of the declaration, Walker D. Hines, as Director General of Railroads, was substituted as a party defendant for the said Chicago & Alton Railroad. Thereupon appellee was given leave to file instanter an amendment to the second count of her declaration. The amendment as filed contained an averment of due care on the part of said deceased at the time he received his said injuries. A plea of the general issue was filed by the defendant as to all counts, and also a further plea of the statute of limitations as to the second amended count because, as it is averred, the cause of action in said amended count did not accrue at any time within one year next before the filing of said amended counts. A demurrer, interposed by plaintiff to the said plea of the statute of limitations, was sustained by the court whereupon the defendant elected to abide by its said plea. A jury was selected and the case proceeded to a trial on the declaration as amended and the plea of the general issue to which a *similiter* had been added. The trial resulted in a verdict and judgment in favor of appellee as aforesaid.

Error has been assigned upon the court's ruling in sustaining a demurrer to the said plea of the statute of limitations to the second amended count and it is claimed by appellant that the amendment had the effect of stating a new and a good cause of action in said count, whereas, before the amendment, the count stated no cause of action at all.

Counsel for appellee insists that inasmuch as the said count, as it originally stood, averred that the deceased was killed solely by reason of and as a proximate result of appellant's negligence, it inferentially averred due care on the part of said deceased and con-

sequently stated a good cause of action. *Chicago City Ry. Co. v. Cooney*, 196 Ill. 466; *Illinois Cent. R. Co. v. Warriner*, 229 Ill. 91, and many other authorities are cited in appellee's brief to support his contention. However, we think that the question here involved was definitely settled by our Supreme Court in *Walters v. City of Ottawa*, 240 Ill. 259. The Supreme Court in that case said that: ''A declaration in an action to recover for injuries received through negligence, which does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the circumstances surrounding him, from which due care on his part may be reasonably inferred, does not state a cause of action, and, after the period of limitation fixed by the statute has elapsed, cannot be amended to state a cause of action not subject to the bar of the statute. If a declaration omits to allege any substantial fact which is essential to the right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect.''

An averment that the death of Dr. Ross was occasioned *solely* by the negligence of the defendant is not tantamount to one of due care on his part. It is not an averment of a fact concerning the conduct of the deceased at and before the time he was injured. And quoting again from the *Walters* case, it is stated that: ''The general rule is declared to be that, in order to recover for injuries from negligence, it must be alleged and proved that the party injured was, at the time he was injured, observing due or ordinary care for his personal safety.''

The original count did not contain any averment concerning the conduct of the deceased or the circumstances surrounding him at and just before he received his fatal injuries, from which it may be reasonably inferred that he was exercising due care and

caution for his own safety. Such being the case, the said second count failed to state any cause of action. The amendment had the effect of causing it to state a new and good cause of action against the defendant. However, it was not filed within a year after the cause of action therein stated had accrued. Consequently it was proper for appellant to plead the statute of limitations as to it and the court was in error in sustaining a demurrer to said plea. The legal principles set forth in *Walters v. City of Ottawa, supra,* have been cited approvingly by the Supreme Court in a number of cases among which are *Enberg v. City of Chicago,* 271 Ill. 404; *Davis v. St. Paul Coal Co.,* 286 Ill. 64; *Prouty v. City of Chicago,* 250 Ill. 222.

Appellant has also assigned error on the court's ruling in sustaining an objection to a question asked the towerman as to why he raised the gates at the crossing. We think such question was not proper and that the court was right in sustaining the objection.

On petition for rehearing in this cause it was urged that the second count was merely a defective statement of a good cause of action and that the statute of limitations is not applicable. A number of cases are cited by counsel for appellee to support his position. Such cases do not control the question here involved. While they hold that a failure to aver due care is a defect which will be cured by verdict, such holding is to be found only where the defect was not objected to in some proper way on the trial. In this case the defect was pointed out by a plea of the statute of limitations and the court improperly sustained a demurrer to such plea. The defendant then elected to stand by its said plea. Obviously the doctrine of aider by verdict cannot be here invoked. (31 Cyc. 765.)

It is also urged that, inasmuch as the first and third counts of the declaration expressly averred the exercise of due care on the part of the deceased, the amendment was a mere introduction into the second count of

the same fact which had been previously pleaded in the other counts and therefore its effect was not to state a new cause of action. It is a well-settled rule of pleading that a count which is insufficient cannot be aided by averments appearing in other counts, except where express reference is made in one count to such matter in another one. (Encyc. Pl. & Pr., vol. 5, p. 320; *Porter v. Drennan*, 13 Ill. App. 362; *Consolidated Coal Co. of St. Louis v. Schneider*, 163 Ill. 393; 31 Cyc. 123.) In the count now under consideration there is not the semblance of an attempt at reference from one count to another concerning the exercise of due care on the part of the deceased.

The second count was based upon section 24 of an act in relation to fencing and operating railroads [Cahill's Ill. St. ch. 114, ¶ 103], which provides that where damage has been done to person or property by a railroad company while violating a municipal ordinance limiting the rate of speed of railroads, the railroad company shall be liable for such damage. There was no other count in the declaration based upon this statute. We have held that this count is defective because of the omission above mentioned, but counsel for appellee urgently insists that since the statute provides that the injuries are to be presumed to have been done by the negligence of the railroad company when it has been shown that a speed ordinance has been violated, it is therefore not necessary for the declaration to aver the exercise of due care. We cannot agree with this contention. Our Supreme Court has given this statute repeated construction and it has held in a long line of cases beginning with *Toledo, P. & W. R. Co. v. Deacon*, 63 Ill. 91, that proof of injury and the violation of an ordinance constitute a prima facie case of negligence against the railroad. But this holding does not render it unnecessary to aver and prove due care. In *Chicago & E. I. R. Co. v. Crose*, 214 Ill. 602, cited by appellee, the Supreme

Ross v. Chicago & Alton R. Co., 225 Ill. App. 633.

Court discussed at length the question whether or not the plaintiff was in the exercise of due care and it found that he did exercise it and therefore the judgment of the trial court was affirmed. It has not been considered by the courts of this State that the Legislature, in the enactment of such statute, contemplated relieving the plaintiff of the necessity of either pleading or proving due care on his part.

Inasmuch as this case must be reversed and remanded we have intentionally refrained from any discussion of the facts and we express no opinion concerning them. Under the authority of *Chicago City Ry. Co. v. Leach,* 80 Ill. App. 359, and *Jacobson v. Duffy,* 154 Ill. App. 505, where the situation both as to pleadings and procedure was very similar to that here involved, the fact that there were other counts in the declaration which were good cannot sustain the judgment in this case. It must be reversed and remanded with directions to the trial court to overrule the demurrer to the plea of the statute of limitations to the second amended count and for a new trial.

*Reversed and remanded with directions.*