**Elizabeth Schilling, Appellant, v. Agnes Holding, Appellee.**

**Gen. No. 7,835.**

Opinion filed April 23, 1928.

CLARENCE W. HEYL and HARRY C. HEYL, for appellant; HEYL & HEYL, of counsel.

HENRY KNELLER and GEORGE W. HUNT, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This suit was instituted by Elizabeth Schilling, appellant, in the circuit court of Peoria county against Agnes Holding, appellee, to recover in an action on the case for damages arising out of certain injuries alleged to have been caused to the appellant by the negligent driving of the car of appellee while appellant was riding therein.

A declaration was filed consisting of three counts to which a demurrer was interposed and sustained. Subsequently an amended declaration consisting of three counts was filed to which a plea of the general issue and two special pleas were filed, the special pleas setting up the statute of limitations. Issue was joined on the plea of the general issue and a demurrer interposed to the special pleas. The court overruled the demurrer and the appellant having elected to stand by her said demurrer to the special pleas the court dismissed her suit and entered judgment against her in bar of the action and for costs and this appeal followed.

For the purposes of this opinion the appellant will be called, "plaintiff" and appellee, "defendant."

The declaration avers that the plaintiff was a guest of the defendant in the latter's automobile and that they were riding along and upon a certain highway in the county of Tazewell in the State of Illinois on a certain road known as the Springfield Hard Road at or

near what is known as the Ingersoll Bridge in said county and that while so riding another automobile in passing them struck and damaged the car and steering gear so that it could not be well controlled; that such condition was known to the defendant but that she negligently continued to operate her automobile and as a result thereof it ran into the abutment at a place known as Ingersoll Bridge and the plaintiff was thrown against the cowl and windshield of said automobile causing the injuries of which the plaintiff complains.

The original and amended declaration charged the injury complained of to have been occasioned on September 10, 1923. No averment is found therein of due care on the part of the plaintiff.

The amended declaration filed March 23, 1927, contained an averment of the exercise of due care on the part of the plaintiff.

The only question involved in this proceeding is whether the plea of the statute of limitations sets up a good defense to the amended declaration.

It is the position of appellant that the original declaration stated a good cause of action, and that there were sufficient allegations in the original declaration to show due care by inference, and while the original declaration may have been a defective statement of a good cause of action, the amendment thereto by adding an allegation of due care on the part of the plaintiff was not the statement of a new cause of action.

The question presented in this case was decided by this court in *Ross v. Chicago & A. R. Co.*, 225 Ill. App. 633, where the holding was adverse to the contention of the plaintiff. We there held that an amendment properly alleging due care filed after the statute has run is not effective to save the declaration against a plea of bar of limitations. It is argued by the plaintiff that regardless of the amendment there was sufficient averred in the original declaration from which an inference of due care on the part of the plaintiff would

arise. We do not agree with this contention for the reason that the declaration shows upon its face that the condition of the damaged steering gear was known to the defendant and there is no averment of want of knowledge of the defects on the part of the plaintiff. It was necessary for the plaintiff to exercise due care for her own safety and her failure to charge that she did something which would excuse her from proceeding with the car after the collision and up to the time of the accident imputes a want of care on her part rather than inference of due care.

The question here involved was definitely determined in *Walters v. City of Ottawa,* 240 Ill. 259, where the court said:

"A declaration in an action to recover for injuries received through negligence which does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the circumstances surrounding him from which due care on his part may be reasonably inferred, does not state a cause of action, and, after the period of limitation fixed by the statute has elapsed, cannot be amended to state a cause of action not subject to the bar of the statute. If a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect."

We conclude, therefore, that the judgment of the circuit court of Peoria county should be affirmed.

*Judgment affirmed.*