# William Cox
## *v.*
## Joshua A. Brackett.

1. Pleading — *of the declaration — whether averment of proper care on the part of the plaintiff is necessary.* In an action on the case to recover damages for injuries received by the plaintiff by the running away of the horses of the defendant, through the carelessness and mismanagement of the latter, an averment in the declaration of the exercise of ordinary care on the part of the plaintiff is not necessary.

2. Case or trespass — *which is the remedy.* It seems, an action on the case is the proper remedy for the recovery of damages for injuries received by the plaintiff, on being run over by the horses of the defendant, while the same were running away through the carelessness of the latter.

3. Default — *motion to set aside — when it must be made.* A motion to set aside a default should be made at the term, before final judgment is entered up; such a motion cannot be entertained at all, at a subsequent term after final judgment.

4. Motion *to supply a lost plea — when it should be made.* A motion to supply a plea alleged to have been lost from the files in a cause, comes too late at a term subsequent to that at which final judgment was rendered..

Writ of Error to the Circuit Court of Cook county; the Hon. E. S. Williams, Judge, presiding.

This was an action on the case brought in the court below by Joshua A. Brackett against William Cox, George A. Hall and J. H. Marsh, for the recovery of damages for injuries alleged to have been received on being run over by the horses of the defendants while the same were running away through the carelessness and mismanagement of the latter. The declaration contained no averment of the exercise of due care on the part of the plaintiff to avoid the injury. A judgment being rendered for the plaintiff, the defendants sued out this writ of error. A full statement of the case will be found in the opinion of the court.

Mr. W. K. McALLISTER, for the plaintiff in error, upon the principal question, contended the declaration was defective in substance, because it does not, in any manner, thereby appear that the plaintiff below was in the exercise of ordinary care to avoid the injury, for the redress of which he brought this action, citing *Chicago, Burlington and Quincy Railroad Company* v. *Huzzard*, 26 Ill. 376; *Butterfield* v. *Forrester*, 11 East, 60; *Humiston* v. *Harlow*, 6 Cow. 192; *Lane* v. *Crombie*, 12 Pick. 177; *Smith* v. *Smith*, 2 id. 621; *Adams* v. *Carlisle*, 21 id. 146; *Flower* v. *Adam*, 2 Taunt. 314; *Button* v. *Hudson River Railroad Company*, 18 N. Y. 248.

Counsel also insisted the action should have been trespass, not case, citing 2 Ch. Pl.; 3 East, 601; 1 East, 109.

Mr. WALTER B. SCATES, on the same side, upon the question of the sufficiency of the declaration, cited the following, in addition: *Galena and C. U. R. R. Co.* v. *Fay*, 16 Ill. 569; *C. and G. M. R. R. Co.* v. *Jacobs*, 20 id. 478; *G. and C. U. R. R. Co.* v. *Garwood*, 15 id. 469.

Messrs. DOW & THOMPSON, for the defendant in error, insisted the declaration was sufficient, citing *Illinois Central Railroad Co.* v. *Simmons*, 38 Ill. 242; *Smith* v. *Eastern Railroad Co.*, 35 N. H. 356; *Beatty* v. *Gillmore*, 16 Penn. 467; *Moore* v. *Central Railroad Co.*, 4 Zabr. (N. J.) 284; *May* v. *Hanson*, 5 Cal. 360.

Mr. MELVILLE W. FULLER argued the case on the same side.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case brought in the Cook Circuit Court at the March Term, 1864, by Joshua A. Brackett against William Cox and others for suffering their horses, by reason of their carelessness and mismanagement, to break away from them, and with force and violence run against and upon the plaintiff, knocking him down, breaking his bones and otherwise disabling him, so that he became sick and sore, lame and dis-

ordered, and so remained for a long time, suffering great pain, and was hindered and prevented from attending to his ordinary business, by which he lost great profits, and was forced and obliged and did expend large sums of money, in all five hundred dollars, in endeavors to be cured of the fractures, wounds and bruises.

The second count is similar to this, with the additional averment that defendants' horses were vicious and they knew it.

The plea was said to be the general issue which, by some accident, was averred to be lost from the files. A default for want of a plea was regularly taken at the May Term, 1864, and on the 21st of that month.

A motion was made at the same term by Cox to set aside the default and for leave to plead, for reasons stated in the affidavit on file. On the same day, Cox filed the affidavit of C. L. Jenks, his attorney, stating, in substance, that, on the 10th day of May, 1864, Jenks drew and filed in the cause the plea of the general issue for him, Cox; that affiant knew of his own knowledge that this plea was properly entitled, drawn and signed and filed in time; that it was removed from the files, but did not know how or by whom; that he fully believed the plea was on file until he learned on the 24th of May inst. of the judgment.

On the 20th of the same month of May, Cox filed his own affidavit, stating that, immediately after being served with the summons in the cause, he employed Jenks to conduct his defense, who wrote out a plea in the cause, and his attorney told him that the plea was filed and the cause would be tried when reached on the docket; and then he goes on to assert he was not guilty, and to show how the accident occurred.

This motion was overruled, on the ground that the court had no power to set aside a default after the close of the term at which the default was entered. To this ruling, Cox excepted.

On the 20th of September thereafter, Cox entered his motion for leave to file his plea, as of the 10th of May, 1864, but this the court refused, and Cox excepted. On the 18th

Opinion of the Court.

of October, 1864, the court assessed the damages of the plaintiff at two thousand dollars, and rendered judgment thereon.

On the 5th of May, 1865, Cox, by his attorney, entered his motion for leave to supply, in the record, the plea of the general issue filed, as alleged, on the 10th of May, 1864; but the court denied this motion; and the defendant excepted, and brings the cause here by writ of error, assigning as error, that the declaration is defective in substance, inasmuch as it does not allege that the plaintiff was exercising due care on his part, at the time of the alleged injury, and that the action should have been trespass; in refusing to set aside the default; in refusing to permit Cox to supply the plea of the general issue; in assessing the damages, and refusing to set aside the assessment, and rendering judgment for the plaintiff.

As to the first error assigned, that has been settled by this court in the case of the *Illinois Central Railroad Company* v. *Simmons*, 38 Ill. 242. In that case, it was held, after a review of the authorities, that the averment of the exercise of ordinary care on the part of the plaintiff was not necessary.

This disposes of the principal question in the case. The motion to set aside the default was addressed to the sound discretion of the court, and we cannot say the court abused it in refusing the motion. *Wallace* v. *Jerome*, 1 Scam. 534; *Garner* v. *Crenshaw*, id. 143; *Harrison* v. *Clark*, id. 131; *Woodruff* v. *Tyler*, 5 Gilm. 458.

This presupposes the motion to be made at the term before final judgment is entered up. That the motion cannot be entertained at all, at a subsequent term after final judgment, is settled by the case of *Cook* v. *Wood*, 24 Ill. 295.

The motion made in May, 1865, to supply in the record the plea of the general issue alleged to have been filed at the May Term, 1864, came too late and was properly refused. This motion, had it been made at the May Term, 1864, would, doubtless, have been allowed. When made in 1865, the case had passed out of the control of the court and was no longer on the docket.

15—41st Ill

Believing the declaration sufficient to sustain the judgment, the refusal of the court to set aside the default and to supply the loss of the plea, are not grounds of reversal. The judgment must be affirmed.

*Judgment affirmed.*