LILLIAN WALTERS, Appellee, *vs.* THE CITY OF OTTAWA,
Appellant.

*Opinion filed April 23, 1909—Rehearing denied June 16, 1909.*

1. ACTIONS AND DEFENSES—*"cause of action" and "right of action" are equivalent expressions.* The term "cause of action" includes every fact necessary for the plaintiff to prove to entitle him to succeed and which the defendant would have a right to traverse, and it is not possible for one to have at the same time a cause of action and not have a right to sue.

2. MUNICIPAL CORPORATIONS—*giving notice to city is a condition precedent to right to sue for a personal injury.* The act of 1905, relating to suits at law against cities, villages and towns for personal injuries, (Hurd's Stat. 1908, p. 1185,) is a valid enactment, and the filing of the statement or notice required by section 2 is a condition precedent to the right to maintain the suit.

3. SAME—*declaration against city which fails to aver filing of notice states no cause of action.* A declaration in a personal injury case against a city which fails to aver that the notice or statement required by section 2 of the act of 1905 was given as therein required states no cause of action, and an amendment to the declaration supplying such averment more than one year after the injury is open to a plea of the Statute of Limitations.

FARMER and VICKERS, JJ., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

On August 28, 1906, the appellee was injured by reason of a defective sidewalk over which she was passing, in the city of Ottawa. On September 15 and 18, respectively, she filed with the city attorney and the city clerk the notices required by section 2 of the act of May 13, 1905, "concerning suits at law for personal injuries and against cities, villages and towns," (Hurd's Stat. 1908, p. 1185,) and on September 25 she began an action on the case against the city for her injuries and filed a declaration consisting of

three counts, neither of which contained any reference to the notices. The city pleaded the general issue, but on November 20, 1907, withdrew this plea and filed a demurrer to the declaration, which was sustained. Appellee thereupon amended her declaration by adding to each count averments showing the giving of the notices, setting out copies thereof. The city again pleaded the general issue and also the one year Statute of Limitations. The court sustained a demurrer to the plea of the Statute of Limitations. The cause went to trial on the general issue and a verdict of $1000 was rendered against the appellant, on which judgment was rendered. The Appellate Court having affirmed the judgment, granted a certificate of importance, and the city has appealed to this court.

BUTTERS & ARMSTRONG, for appellant:

Section 2 of the act of 1905, (Laws of 1905, p. 111,) requiring any person about to bring a suit for personal injuries against a city, town or village to file a notice as therein provided within six months from the date of the injury, is mandatory. One bringing such a suit must both aver and prove that he has given such notice; and the giving of such notice is a condition precedent to the right to bring the suit and is a material and necessary allegation in his declaration, without which no cause of action whatever is stated. 15 Am. & Eng. Ency. of Law, (2d ed.) 483, 484; Williams on Municipal Liability for Tort, sec. 139; *Erford* v. *Peoria,* 229 Ill. 546; *Reinig* v. *Buffalo,* 102 N. Y. 308; *Dorsey* v. *Racine,* 60 Wis. 292; *Wentworth* v. *Summit,* 60 id. 281; *Sowle* v. *Tomah,* 81 id. 349; *Lincoln* v. *Grant,* 38 Neb. 369; *Pardey* v. *Mechanicsville,* 101 Iowa, 266; *Krall* v. *New York,* 44 Hun, 259; *Curry* v. *Buffalo,* 135 N. Y. 366; *Crocker* v. *Hartford,* 66 Conn. 387; *Patterson* v. *Brooklyn,* 6 App. Div. 127; *McNulty* v. *Cambridge,* 130 Mass. 275; *Ft. Worth* v. *Shero,* 41 S. W. Rep. 704; *Bancroft* v. *San Diego,* 52 Pac. Rep. 712; *Bausher* v. *St. Paul,*

75 N. W. Rep. 745; *Perry* v. *Putney,* 52 Vt. 358; *Donnelly* v. *Fall River,* 130 Mass. 115; *Plum* v. *Fon du Lac,* 51 Wis. 393.

BROWNE & WILEY, for appellee:

The cause of action in suits for damages arising from negligence is the act done or omitted to be done by the defendant affecting the plaintiff which causes a grievance for which the law gives a remedy. *Swift & Co.* v. *Madden,* 165 Ill. 41; *Cicero* v. *Bartelme,* 212 id. 256; *Hinchliff* v. *Rudnik,* 212 id. 569; *Railway Co.* v. *Kinnare,* 216 id. 451; *Evanston* v. *Richards,* 224 id. 444.

The notice to the city officials required by statute is not a part of the cause of action, and therefore the amended declaration did not state a new cause of action. Hurd's Stat. 1905, pp. 1153, 1154; *Erford* v. *Peoria,* 229 Ill. 546; *Miller* v. *Railroad Co.* 109 App. Div. 612.

At any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or defendant, changing the form of the action, and in any matter, either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense. The adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action. Hurd's Stat. 1905, chap. 110, sec. 24; *Thomas* v. *Insurance Co.* 108 Ill. 99; *Insurance Co.* v. *Ludwig,* id. 514; *Mutual Aid* v. *Paine,* 122 id. 625.

Where an amendment to a declaration sets up no new matter or claim, but merely re-states, in a different form, the cause of action set out in the original declaration, it relates back to the commencement of the suit and the Statute of Limitations is arrested at that point. *Insurance Co.* v.

*Mueller,* 77 Ill. 22; *Insurance Co.* v. *Ludwig,* 108 id. 514; *Dickson* v. *Railroad Co.* 81 id. 215; *Rolling Mill Co.* v. *Monka,* 107 id. 340; *Blanchard* v. *Railway Co.* 126 id. 416; *Wolf* v. *Collins,* 196 id. 281; *Insurance Co.* v. *People,* 209 id. 42; *Ratner* v. *Railway Co.* 233 id. 169.

The Statute of Limitations, requiring a suit for personal injuries to be brought within two years, does not apply to matters of pleading, and should not be given that effect indirectly by holding that an imperfect statement of a cause of action is no statement at all. *Railroad Co.* v. *Aufmann,* 221 Ill. 614; *Railway Co.* v. *Hackendahl,* 188 id. 300; *Ratner* v. *Railway Co.* 233 id. 169; *Shaughnessy* v. *Holt,* 236 id. 485; *Byrne* v. *Field & Co.* 237 id. 384.

Mr. JUSTICE DUNN delivered the opinion of the court:

We held in *Erford* v. *City of Peoria,* 229 Ill. 546, that the act in question is a valid enactment, and that the giving of the notices required by it was a condition precedent to the right to bring a suit against the municipality, the performance of which must be averred and proved by the plaintiff to enable him to maintain his suit. The rule of pleading is well established in this State that where a declaration fails to aver a cause of action, the beginning of the suit does not stop the running of the Statute of Limitations in favor of amended counts or additional counts which may be filed in the cause and which do state a cause of action, but the suit will be regarded as begun, so far as such counts are concerned, at the time they are filed. (*Bahr* v. *National Safe Deposit Co.* 234 Ill. 101.) Many decisions are referred to in the case cited illustrating the application of the principle, and there are many others.

Did the original declaration state a cause of action? It stated facts which would have enabled the plaintiff to maintain an action before the passage of the statute referred to. But this legislation has added a new element to those

required to make a city liable to an action of this kind. It is not enough now, as it formerly was, that the city has been negligent in the maintenance of its sidewalk, and the plaintiff, while exercising due care, has been injured in consequence of such negligence. The giving of the notices required by the statute has been made a condition precedent to the city's liability and constitutes an essential element of the plaintiff's cause of action. The statute expressly declares that if the required notice is not given, any suit brought shall be dismissed and the plaintiff barred from further suing. The city has no power to waive the notice and is under no liability until it is given. *Starling* v. *Bedford,* 94 Iowa, 194; *Gay* v. *Cambridge,* 128 Mass. 387; *Clark* v. *Tremont,* 83 Me. 426.

"Cause of action" includes every fact necessary for the plaintiff to prove to entitle him to succeed,—every fact that the defendant would have a right to traverse. It has been said to be the right to prosecute an action with effect. (*Patterson* v. *Patterson,* 59 N. Y. 574.) The terms "right of action" and "cause of action" are equivalent expressions. (*Clark* v. *Heirs of Southard,* 16 Ohio St. 408.) "By this phrase [cause of action] is understood the right to bring an action, which implies that there is some person in existence who can assert and also a person who can lawfully be sued. * * * There is no cause of action till the claimant can legally sue. (Bouvier's Dict. title, 'Cause of Action.') * * * If he have no legal right to sue, he has not merely a bad cause of action, but no cause of action." (*Parker* v. *Enslow,* 102 Ill. 272.) A cause of action accrues when facts exist which authorize one party to maintain an action against another. (*Davis* v. *Munie,* 235 Ill. 620.) It is not possible for one at the same time to have a cause of action and not to have the right to sue. The statutory notice is as essential to the plaintiff's cause of action as is a demand in replevin of a defendant whose

possession was originally lawful and who has done nothing to make it unlawful.

It is elementary that a declaration must allege all the circumstances necessary for the support of the action, and that if any act is to be done by the plaintiff before the accruing of the defendant's liability the performance of that act must be averred. A declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action. In other States having a statute similar to ours the courts have frequently decided that the giving of the notice is an essential part of the cause of action, and that without an averment of the fact of notice a complaint does not state facts sufficient to constitute a cause of action. *Reinig* v. *City of Buffalo,* 102 N. Y. 308; *Wentworth* v. *Town of Summit,* 60 Wis. 281; *Dorsey* v. *City of Racine,* id. 292; *Sowle* v. *City of Tomah,* 86 Wis. 349; *Pardey* v. *Mechanicsville,* 101 Iowa, 266; *City of Lincoln* v. *Grant,* 38 Neb. 369.

It is contended that the amended counts merely stated over, in different form, the causes of action defectively set out in the original counts. If the original declaration states a cause of action, however defectively, provided it is sufficient to sustain a judgment, an amendment is permissible amplifying the statement of the same cause of action, and will relate back to the filing of the original declaration so as not to be subject to the intermediate running of the Statute of Limitations. But this principle has no application here, where no cause of action was stated in the original declaration and where that declaration was insufficient to sustain a judgment. The rule as to aider by verdict is stated by Chitty as follows: "Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is

not to be presumed that either the judge would direct the
jury to give, or the jury would have given, the verdict,
such defect, imperfection or omission is cured by verdict.
The expression 'cured by verdict' signifies that the court
will, after a verdict, presume or intend that the particular
thing which appears to be defectively or imperfectly stated
or omitted in the pleading was duly proved at the trial.
And such intendment must arise not merely from the ver-
dict, but from the united effect of the verdict and the issue
upon which such verdict was given. On the one hand, the
particular thing which is presumed to have been proved
must always be such as can be implied from the allegations
on the record by fair and reasonable intendment; and on
the other hand, a verdict for the party in whose favor such
intendment is made is indispensably necessary, for it is in
consequence of such verdict, and in support of it, that the
court is induced to put a liberal construction upon the al-
legations on the record." (1 Chitty's Pl. 673.) "After
verdict it may be intended that every essential fact alleged
in the declaration, or fairly to be implied from what is al-
leged, was established on the trial; but where the declara-
tion fails to show that the plaintiff has a cause of action
there is no room for intendment or presumption." (*Smith*
v. *Curry,* 16 Ill. 147; *Botkin* v. *Osborne,* 39 id. 101; *Bow-
man* v. *People,* 114 id. 474; *Gerke* v. *Fancher,* 158 id. 375.)
There is no allegation in either of the original counts hav-
ing even remote reference to the notice,—nothing from
which the giving of notice can be implied. It could not,
therefore, if a verdict had been rendered on those counts,
be presumed to have been proved and the declaration would
not have been sufficient to support a judgment. A motion
in arrest of judgment must necessarily have been sustained.

Our attention is called to the case of *Chicago City Rail-
way Co.* v. *Cooney,* 196 Ill. 466. That was an action on
the case for personal injuries, in which the original dec-
laration, consisting of a single count, contained no aver-

ment that the plaintiff was in the exercise of ordinary care for her own safety. An amended count containing such allegation was filed and a demurrer was sustained to a plea of the Statute of Limitations thereto. The judgment was affirmed, the court saying that the original count stated a cause of action, though defectively, for the reason that it would have been sufficient after verdict, on motion in arrest of judgment. If it would have been sufficient after verdict, on motion in arrest of judgment, it was because the exercise of due care by plaintiff might be implied from its allegations by fair and reasonable intendment. . She was a passenger, and the allegation of the original count was, that she was seated in the car, when, through the negligence of defendant's servants, it collided with a wagon loaded with heavy iron pipes and she was thereby injured. This allegation of the plaintiff's position at the time of the accident might be regarded as sufficient to show, by implication, that she was at that time acting as a person in the exercise of ordinary care for her own safety would act and to justify proof of such fact. In *Cox* v. *Brackett,* 41 Ill. 222, and *Illinois Central Railroad Co.* v. *Simmons,* 38 id. 242, it is held that an averment of due care on the part of a plaintiff seeking to recover for personal injuries is not necessary, and these cases are supported by *Consolidated Coal Co.* v. *Wombacher,* 134 Ill. 57. But in *Calumet Iron and Steel Co.* v. *Martin,* 115 Ill. 358, the general rule is declared to be, that in order to recover for injuries from negligence it must be alleged and proved that the party injured was, at the time he was injured, observing due or ordinary care for his personal safety, and many cases are there cited. The same rule was again announced in *Gerke* v. *Fancher, supra,* and *Jorgenson* v. *Johnson Chair Co.* 169 Ill. 429. A declaration in an action to recover for injuries received through negligence which does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the

circumstances surrounding him from which due care on his part may be reasonably inferred, does not state a cause of action, and, after the period of limitation fixed by the statute has elapsed, cannot be amended to state a cause of action not subject to the bar of the statute. If a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect. *Foster* v. *St. Luke's Hospital,* 191 Ill. 94; *Bowman* v. *People, supra.*

It is said that the notice relates only to the plaintiff's remedy and affects the procedure only, and not the right. By "remedy" is meant the judicial means for enforcing a right or redressing a wrong. The appellant's remedy for her injury before the passage of the statute would have been an action on the case. The statute did not affect that remedy in any way. The liability of the city was subject to control by the legislature. It might prescribe the conditions under which cities should be liable to persons injured while using the streets and sidewalks. It did prescribe that for an injury so suffered the city should not be liable except upon certain conditions to be performed by the person injured. This was not a matter of procedure to enforce his right, but an act essential to perfect his claim. Each section of the statute refers to the time when the cause of action accrued, and it is manifest that the words as there used refer to the injury. They have no reference to the facts necessary to be stated in a declaration to constitute a cause of action. So the statement in the case of *Erford* v. *City of Peoria, supra,* that "it is not contended that the declaration failed to show a right of action nor is it contended that appellant failed to make out a good cause of action on the trial," is manifestly to be considered as referring only to the plaintiff's injury and the city's negligence, for the trial court directed a verdict for defendant because the evidence did not make out a cause of action,

and this court affirmed the judgment and held that the giving of notice should be averred in the declaration.

The demurrer to the plea of the Statute of Limitations should have been overruled.

The judgments of the Appellate Court and the circuit court will be reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*

FARMER and VICKERS, JJ., dissenting.