## Marie A. McCarthy, Appellant, v. City of Chicago, Appellee.

### Gen. No. 41,428.

Heard in the second
division of this court for the first district at the October term, 1940.
Opinion filed December 30, 1941.

FINN & MILLER, of Chicago, for appellants.

BARNET HODES, Corporation Counsel, for appellee;
J. HERZL SEGAL and SYDNEY R. DREBIN, Assistant
Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

An action for damages for personal injuries alleged to have been sustained by plaintiff. Defendant's motion to strike plaintiff's second amended complaint was allowed and the cause was dismissed. Plaintiff appeals.

This appeal presents for decision the sole question as to whether or not plaintiff complied with the statute requiring notice of injury to be filed with the city attorney and city clerk within six months from the date of the injury.

The sixth paragraph of the second amended complaint reads as follows:

"Sixth: That Section 7, Chapter 70, Illinois Revised Statutes, in force at the time of the injury, provides:

"'Within six months from the date of the injury, plaintiff either by himself, agent or attorney, file in the

office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident the place or location where such accident occurred and the name and address of the attending physician.'

"That plaintiff, prior to the starting of the suit herein and within six months of the happening of the injury aforesaid, fully complied with said statute in the following manner, viz.:

"That there was no city attorney in the City of Chicago at the time of the injury in question; that there was in force a certain ordinance of the City of Chicago which is as follows:

" 'Section 6-1, Chapter 6, Municipal Code of Chicago.

" '6-1. There is hereby established an executive department of the municipal government of the city which shall be known as the department of law, and which shall embrace the corporation counsel and such assistants and clerks as may be provided for in the annual appropriation ordinance.

" '6-2. There is hereby created the office of corporation counsel. He shall be appointed by the mayor, by and with the advice and consent of the city council, and shall be the head of the department of law of the city.

" 'The corporation counsel shall perform the following duties:

" '(a) Superintend and, with his assistants and clerks, conduct all the law business of the city.

" '(b) Appear for and protect the rights and interests of the city in all actions, suits and proceedings brought by or against it or any city officer, board or department, including actions for damages when brought against such officer in his official capacity.

" '6-8. The corporation counsel shall have authority, when directed by the city council, to make settlements of lawsuits and controverted claims against the city.

" 'It shall be the duty of the corporation counsel and all other officers of the city, if any, who shall be given authority to make settlements of lawsuits or controverted claims against the city, to report in writing, at the first regular meeting of the city council in each and every month all cases where settlements have been made of such lawsuits or claims.'

"That the said corporation counsel had established a division of his office known as the personal injury division, which had sole charge of the defense of personal injury cases; that on July 2, 1937, plaintiff filed in the personal injury division of the corporation counsel's office, located at room 602, City Hall, in the City of Chicago, a statement in writing, signed by the plaintiff, and delivered by the plaintiff to one of the assistants of the corporation counsel in said personal injury division, which said statement was signed by said assistant as a witness, and which contained her residence address as well as the name and address of her employer, the date and about the hour of the accident, the place or location where such accident occurred, and the name and address of her attending physician, also a description of the accident in question; that thereafter, the plaintiff, on the recommendation of said assistant of the Corporation Counsel's office, also caused to be presented to the City Council of the City of Chicago by Alderman Perry of the 18th Ward in which she resided, said claim for personal injuries, the receipt and introduction of which is shown by a document in writing dated July 9, 1937, and signed by Peter J. Brady, City Clerk. That on September 17, 1937, plaintiff delivered to one of the assistants in the personal injury division of the Corporation Counsel's office, the bill, in writing, of her attending

physician, giving the full name and correct address of said physician, and divers bills, in writing, of the Evangelical Hospital, in the City of Chicago, at which she was treated for her injuries, and September 23, 1937, plaintiff further delivered to one of the assistants in the personal injury division of the Corporation Counsel's office, a memorandum, in writing, of the bills of her attending physician and her hospital and x-ray expenses, together with a memorandum, in writing, of her loss of salary, over her signature, photostatic copies of all of which documents are attached hereto and are hereby made a part of this Second Amended Complaint.

"That said claim for personal injuries was introduced to the City Council as shown by the Council Proceedings on July 9, 1937, page 4140, and was by the said Council referred to the Committee on Finance; that later on November 22, 1937, at the request of the Committee on Finance there was transmitted to the Committee on Finance an opinion of the Corporation Counsel of the City of Chicago, including a quotation in full of the aforesaid statement of the plaintiff filed in the personal injury division of the Corporation Counsel's office of the City of Chicago, which said opinion advised that the claim be rejected, without making any objections whatever to the sufficiency of the statutory notice; that plaintiff called in person at the personal injury division of the Corporation Counsel's office numerous times during the six months after her injury and discussed her claim with one or more of the employees and assistants of the personal injury division of the Corporation Counsel's office; that her last visit was on January 13, 1938, when she was notified by one of the assistants of the personal injury division of the Corporation Counsel's office that her claim had been rejected; that on February 7, 1938, at the regular meeting of the City Council, said claim was disallowed by order of the Council.''

Certain documents attached to the complaint are sufficiently described in the sixth paragraph of the complaint.

Defendant states: "The defendant will not discuss the question of whether or not the plaintiff complied with the section of the statute in serving the Corporation Counsel in the manner she did, but will base its entire argument on the fact that the plaintiff failed and neglected *to file a statement in writing in the office of the city clerk* and therefore her suit was properly dismissed by the trial court." The sole question, therefore, is narrowed down to this: Did plaintiff substantially comply with the statutory requirement that she file a statement in writing in the office of the city clerk?

Plaintiff contends that "the provision of the statute that notice should also be served upon the city clerk was substantially complied with in the case at bar," and argues as follows: "That this case had been brought to the attention of the City Clerk is beyond dispute. Over his signature on July 9, 1937, as shown by one of plaintiff's exhibits which is attached to and made a part of plaintiff's second amended complaint, he introduced plaintiff's claim to the City Council for its consideration [Alderman Perry presented the claim to the council], and in connection with the consideration of this claim there was transmitted to the committee on finance of the city council having this matter under consideration, by means of a letter of the corporation counsel to the committee on finance, the entire contents of the notice as filed by the plaintiff with the Personal Injury Division of the corporation counsel's office. The city clerk is also the clerk of the committee on finance of the city council and has sole possession and control of all the records of the city council, including the records of the committee on finance, and should, therefore, be held to have judicial notice of them."

Defendant contends that ''service of the statutory notice in the manner provided by the act is mandatory, a condition precedent to the maintenance of a suit at law and a failure to do so bars a recovery. Plaintiff failed to file a statement in writing in the office of the city clerk and therefore her suit was properly dismissed.''

Sections 2 and 3 of ''An Act concerning suits at law for personal injuries and against cities, villages and towns'' (ch. 70, pars. 7, 8, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.148 and 107.149]) read as follows:

''7. Notice filed within six months.] Sec. 2. Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident the place or location where such accident occurred and the name and address of the attending physician (if any).''

''8. Dismissal of suit if no notice filed.] Sec. 3. If the notice provided for by section two of this act shall not be filed as provided in said section two, then any such suit brought against any such city shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing.''

In *Erford v. City of Peoria,* 229 Ill. 546, 553, the court said: ''Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the

plaintiff to avoid a dismissal of his suit.'' In the late case of *Minnis v. Friend,* 360 Ill. 328, 332, the court said: ''The act in question is a valid enactment, and the filing of the statement or notice required by section 2 is a condition precedent to the right to maintain the suit. (*Walters v. City of Ottawa,* 240 Ill. 259, 263; *Condon v. City of Chicago,* 249 id. 596.) In *Ouimette v. City of Chicago,* 242 Ill. 501, the notice stated that the accident occurred on November 10, 1905, instead of October 10, 1905, when the accident had occurred. In holding that notice insufficient we said: 'The question of this notice is entirely within legislative control. The legislature may prescribe the conditions under which cities shall be held liable to persons injured while using streets and sidewalks. (*Walters v. City of Ottawa, supra; Curry v. City of Buffalo,* 135 N. Y. 366.) It has prescribed in this statute that the notice shall give the date of the accident. From the reasoning in the two cases already cited, heretofore decided by this court, it must be held that the wrong date in the notice is, in effect, the same as if no date at all were given. The statute requires the date to be set out in the notice, and this certainly cannot be done by stating that the accident occurred on a date on which it did not occur. *Gardner v. New London,* 63 Conn. 267,' and other cases.'' In *Walters v. City of Ottawa,* 240 Ill. 259, 263, the court said: ''The city has no power to waive the notice and is under no liability until it is given.'' Plaintiff states that ''it has been held in several cases in other States under Statutes of this character under similar circumstances such service is a sufficient compliance with the law,'' and cites certain cases in support of the statement. In our judgment the Illinois law bearing on the question before us is plain, and it would therefore be an idle task for us to consider the decisions of the sister States cited by plaintiff. In *Minnis v. Friend, supra,* the city objected to the notice that

was served upon the sole ground that the notice was not signed by anyone and that the statute required it to be signed "by such person, his agent or attorney." The trial court overruled the objection and the notice was received in evidence. There the city did not contend that the notice served upon it did not sufficiently apprise it of "the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident the place or location where such accident occurred and the name and address of the attending physician (if any)." The Supreme Court held that the statute required not only that the notice be given, but that it be signed by such person, his agent or attorney, and that the signing was one of the essentials prescribed by the statute. The court further stated (pp. 332, 333): "Appellee relies upon the case of *McComb v. City of Chicago,* 263 Ill. 510. There we held a notice gave a sufficient description of the place or location of the accident when it stated that it occurred 'at or near the corner of Thirty-ninth street and Campbell avenue.' It was objected that it did not state specifically the corner at which the accident occurred. We said that the purpose of the statute was to enable the city authorities, by the exercise of reasonable intelligence and diligence, to locate the place of the injury and ascertain the conditions alleged to have existed which caused the injury, and that no particular form of notice is required by the statute. What we said necessarily had reference only to the facts of that case. There had been an attempt to comply with the statute, and our holding was that location had been given which was sufficiently definite to comply with the statute. The *McComb* case would be applicable if there had been some attempt to comply with the requirement of the statute that the notice be signed and if the question were as to the sufficiency of the signature." It was held in the *Minnis* case

that the notice should not have been admitted in evidence, that the motion to direct a verdict for the City of Chicago at the close of plaintiff's evidence should have been allowed, and the judgment as to the City of Chicago was reversed. A notice was served in the *Minnis* case, and it complied with all of the essential requirements of the statute save one—it was not signed. Nevertheless, it was held that the notice was not a substantial compliance with the statute.

Under the facts of the instant case as set up in plaintiff's complaint it is clear that plaintiff made no attempt to comply with one of the essential requirements of the statute, viz., "file in the office of the . . . city clerk . . . a statement in writing." It appears from the allegations of the complaint that plaintiff had Alderman Perry, of the 18th Ward, in which ward she resided, present to the city council of the City of Chicago a *"claim* for personal injuries"; that the *claim* was referred to the Committee on Finance; that it bears upon its back the following: "Referred to the Committee on Finance July 9, 1937 Peter J. Brady City Clerk Egan Presented by Perry Alderman 18th Ward (Aldermen will please sign all papers presented)"; that later, on November 22, 1937, at the request of the Committee on Finance, there was transmitted to that Committee "an opinion of the Corporation Counsel of the City of Chicago, including a quotation in full of the aforesaid statement of the plaintiff filed in the personal injury division of the Corporation Counsel's office of the City of Chicago, which said opinion advised that *the claim* be rejected, without making any objections whatever to the sufficiency of the statutory notice"; that on January 13, 1938, plaintiff was notified by one of the assistants of the personal injury division of the corporation counsel's office that *her claim* had been rejected, and that on February 7, 1938, at a regular meeting of the city council, her *"claim"* was disallowed by order of the

council. Plaintiff argues that as the city clerk was also the clerk of the city council, the city clerk had notice of plaintiff's *claim* when it was introduced in the city council. The action of plaintiff in having Alderman Perry present her claim to the city council was not an attempt to comply with the essential requirement of the statute that a notice be filed in the office of the city clerk, and, therefore, the contention, strenuously argued, that "the provision of the statute that notice should also be served upon the city clerk was substantially complied with in the case at bar," cannot be sustained. We would be ignoring the mandatory provisions of the statute and deciding the question contrary to the rulings of our Supreme Court if we sustained the contention.

We will briefly refer to Illinois cases cited by plaintiff: In *Richmond v. City of Marseilles*, 190 Ill. App. 227, it appears that plaintiff met the city clerk as the latter was on his way to the city hall, where his office was, and plaintiff handed the clerk the notice on the street (p. 232) "and the clerk carried it with him to the city hall at once and had it there in the presence of the city attorney, and the plaintiff later called upon the clerk in his office upon the subject." It is reasonable to assume from the opinion that the clerk actually filed the notice in his office. The court, in holding that the statute had been sufficiently complied with, called attention to the fact that plaintiff had no power to actually file the statement and that the actual filing was necessarily the act of the clerk. We have already referred to the case of *McComb v. City of Chicago*. In *Reule v. City of Chicago*, 268 Ill. App. 266, the City raised no question as to the sufficiency of the notice nor the service of the same, but claimed that there was a material variance between the notice and the allegation in the declaration as to the place of the accident. The court held that while the notice more specifically designated the place where the accident

occurred than did the declaration, there was no material variance between the notice and the declaration. In *Fromme v. City of Girard*, 295 Ill. App. 144, it was held that a notice to the city stating that plaintiff resided at Girard, Illinois, near the city limits, was sufficient compliance with the statute because it appeared that the city was small and without street numbers or designated places of address. In *Schmidt v. City of Chicago*, 284 Ill. App. 570 (decided by this division of the court), we stated that "the only defect claimed in the notice is that it gave the address of the attending physician as 6328 Sheridan road when his correct address was 6325 Sheridan road. The attending physican, Dr. George Mueller, was the surgeon in chief of St. Mary of Nazareth Hospital, and a man of considerable repute in the city of Chicago, having practiced medicine and surgery here for more than 40 years." We held, of course, that the notice filed was a sufficient compliance with the statute.

Plaintiff contends that "by reason of the conduct of the Corporation Counsel together with the action of the City Council in its consideration of the claim, the City should be estopped from urging the failure to file a copy of the notice with the city clerk as a defense." In support of this contention plaintiff cites decisions of the courts of certain sister States. It is a sufficient answer to the instant contention to say that it is the law of this State that "the city has no power to waive the notice and is under no liability until it is given." (*Walters v. City of Ottawa, supra,* p. 263.) Obviously, if a city cannot waive the notice no action by any of its officials can estop the city from urging the failure of a plaintiff to file the notice. If city officials were permitted to waive the notice, or by their acts create an estoppel against the city from urging a failure to file the notice, they could thereby avoid the mandatory provisions of the statute in certain cases. If

such a practice were permitted, it would inevitably result in favoritism and scandal, and the city would be denied the benefit of the statute.

That the city had full knowledge of the facts surrounding the accident fully appears from the pleadings, but counsel for plaintiff concede, as they must, "that knowledge of the facts by the city will not take the place of a notice." In concluding their brief counsel for plaintiff earnestly argue that a strict construction of the statute results in "widespread injustice"; that the sufficiency of the notice in many city cases is frequently an issue that causes the merits of the transaction to be lost sight of; and that a number of States, recognizing the harm which litigants have suffered under statutes similar to our own, have passed amendatory acts to remedy the evil. This argument should be addressed to the legislature and not to the courts.

We have given careful attention to the question involved in the instant appeal and it is our considered judgment that the action of the trial court in striking the second amended complaint must be sustained.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

SULLIVAN and FRIEND, JJ., concur.