ANNA REPASKEY, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Appellees.

(No. 56072;

First District—January 12, 1973.

Paulson & Ketchum, and James R. Madler, both of Chicago, for appellant.

James G. O'Donohue, O. R. Hamlink, Jerome F. Dixon, and Richard T. Ryan, all of Chicago, for appellee Chicago Transit Authority.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff Anna Repaskey filed a four count claim for injuries suffered in a fall on an escalator of the Chicago Transit Authority located in a subway station. Plaintiff appeals only the disposition of Count I of the claim which alleged the negligence of defendant Chicago Transit Authority in owning and operating a defective escalator. Defendant Chicago Transit Authority was dismissed for plaintiff's failure to provide it with formal notice of the accident, within six months of the accident, as required by Section 341 of the Metropolitan Transit Authority Act. (Ill. Rev. Stat. 1965, ch. 111⅔, par. 341.*) The complaint alleged that

* § 341. Limitation of actions against authority—Notice of injuries

No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Attorney for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing."

plaintiff had provided actual notice (in the form of an accident report) to Chicago Transit Authority which sufficed for formal notice, and also that the Chicago Transit Authority was estopped from asserting the notice provision. After hearing testimony bearing on these allegations, the trial judge dismissed the Chicago Transit Authority.

On appeal plaintiff argues (1) that the actual notice given to the CTA in the form of a claim report satisfied requirements of formal notice set forth in Section 341; (2) that Section 341 is unconstitutional, violating Article IV, Section 22 of the 1870 Illinois Constitution and the Fourteenth Amendment of the United States Constitution; and (3) that defendant Chicago Transit Authority was estopped from asserting the notice requirement.

Plaintiff was injured on July 11, 1966. She was a passenger on defendant's subway, disembarked at the Jackson and Dearborn Street station and boarded an escalator to reach street level. As she neared the top of the escalator and prepared to step off, she discovered that her left sandal was lodged in the treadle on which she was standing. The sandal was lodged in a gap created because several teeth were missing from the treadle. When the treadle meshed with the stationary plat at the top of the escalator, the sandal remained caught and plaintiff was thrown forward on to her right knee. A man freed her foot from the sandal and then removed the sandal from the escalator.

The day of the accident plaintiff went to the claim department of the Chicago Transit Authority in the Merchandise Mart. A claim adjustor, Howard Clark, took a statement from her describing her accident. Plaintiff signed the report and Clark notarized it. At Clark's suggestion plaintiff was then examined by a doctor in the employ of the CTA with offices on the same floor. The doctor x-rayed plaintiff's right knee. Plaintiff then returned to Clark's office. She testified that Clark told her: "Now go home and we'll take care of you. Don't worry about anything. We'll let you know."

Some time in September plaintiff called Clark to see what progress had been made on her claim. She testified that he told her that there were many cases ahead of hers. He told her: "I told you don't worry. The minute we take care of this case we'll send someone to your home. We'll take care of you. Just go see the doctor."

Plaintiff testified that she called again in December. Clark again told her: "We'll take care of everything."

Plaintiff made a third phone call in January. Plaintiff testified that Clark stated: "Well, the man will look into this now." He then continued: "We'll send the man there to talk with you but like I told you don't worry

about anything." Plaintiff testified that she replied: "Don't worry about anything? There will be bills." Clark replied: "Don't worry. We'll take care of everything."

Plaintiff had no further contact with the Chicago Transit Authority. She continued to experience pain in her knee, made frequent visits to her doctor and was given prescriptions to relieve the pain. During this period she continued to work but occasionally had to miss a day. She never filed the formal six month notice required by the aforementioned statute. In April of 1967, ten months after the accident, she underwent surgery on her knee. She filed her complaint on July 7, 1967.

At trial the adjustor, Clark, identified the claim report which he had written and plaintiff had signed. He testified that he could not recall whether or not he had conversed with plaintiff on the phone.

Plaintiff, in her effort to show actual notice by the Chicago Transit Authority, introduced a CTA "Escalator Inspection Report" as Plaintiff's Exhibit 12. The report, dated July 25, 1966, requests an inspection of the escalator at Jackson and Dearborn because of an "alleged accident" which occurred on July 11, 1966, 8:25 A.M., in which a woman's shoe became caught in the top of the escalator. The report states that the escalator is inspected every week as a matter of routine. It states that the escalator was inspected on July 6, 1966, and on July 14, 1966, as part of the routine inspections, and that on both occasions the escalator was found to be in "good running condition." The inspection requested because of the accident was conducted on August 8 and resulted in a finding of "good running condition."

Plaintiff first contends that her claim report filed in the CTA claims department satisfied the notice requirements of Section 341 and that actual notice will suffice for formal, written notice. In addition to her report of the accident, plaintiff calls our attention to Plaintiff's Exhibit 12, consisting of a request by the CTA to inspect the escalator, giving further indication that the CTA was aware of her accident.

■■  The argument that actual notice will suffice for formal notice was raised in the recent case of *Housewright v. City of LaHarpe*, 51 Ill.2d 357, 282 N.E.2d 437. That case involved Section 8—102 of the Local Government and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, par. 8—102), which contains a notice provision almost identical to that of Section 341 of the Metropolitan Transit Authority Act. Since the defendant in that case was the city marshall, the plaintiff argued that the defendant city had actual notice and hence met the requirements of Section 8—102. The court stated:

> "Plaintiffs seek to avoid the effect of section 8—103 by alleging facts that show the defendant city had actual notice of the oc-

currence, of the damage to the plaintiff partnership's vehicle and the individual plaintiff's personal injuries, and of all the information which section 8—102 provides must be contained in the notice. Section 8—102 is unambiguous and clearly expresses the legislative intent that a local public entity be given certain information, in writing, within the time provided, and we hold that the allegation of actual notice does not satisfy the statutory requirement of written notice."

■■ Plaintiff's second contention is that the notice provision is unconstitutional because it is a violation of equal protection and due process and violates Section 22 of Article IV of the 1870 constitution. In *Housewright v. City of LaHarpe*, the court rejected the argument that notice provisions for municipal bodies is a violation of equal protection and due process. And in *King v. Johnson*, 47 Ill.2d 247, 265 N.E.2d 874, (again dealing with the analogous Section 8—102 of the Tort Immunity Act) the court held that such notice provisions did not constitute special legislation in violation of Section 22 of Article IV of the 1870 constitution.

Finally, plaintiff contends that the Chicago Transit Authority should be estopped from asserting the six month notice provision. She argues that their repeated assurances that her case "would be taken care of" created an estoppel. We do not agree.

■■ In *McCarthy v. City of Chicago*, 312 Ill.App. 268, 38 N.E.2d 519, it was held that a municipal body cannot be estopped from asserting notice provisions of the type at bar. In *McCarthy* the plaintiff submitted a claim to the "personal injury division" of the Corporation Counsel. The claim described her injuries, the circumstances of the accident, the name of her physician and her expenses. Her claim was introduced to the City Council and was subsequently rejected. She did not file the required statutory notice with the city clerk. Plaintiff argued (312 Ill.App. 268, 279):

"[B]y reason of the conduct of the Corporation Counsel together with the action of the City Council in this consideration of the claim, the City should be estopped from urging the failure to file a copy of the notice with the city clerk as a defense."

The court rejected this argument, stating at page 279:

"It is a sufficient answer to the instant contention to say that it is the law of this State that 'the city has no power to waive the notice and is under no liability until it is given.' (*Walters v. City of Ottawa, supra,* [240 Ill. 259] p. 263.) Obviously, if a city cannot waive the notice no action by any of its officials can estop the city from urging the failure of a plaintiff to file the notice."

We therefore find that the Chicago Transit Authority was not estopped

902

from asserting the notice provision of Section 341. Plaintiff cites cases from other jurisdictions in which municipalities and other governmental bodies have been estopped from asserting similar notice provisions as a defense. Nevertheless we feel constrained to follow what remains the established law of this state.

The judgment of the circuit court is affirmed.

Affirmed.

ENGLISH and LORENZ, JJ., concur.