FLORENCE DUNBAR, Adm'x of the Estate of Josephine Burdick, Deceased, Plaintiff-Appellee, *v.* DR. ISAAC REISER *et al.*, Defendants.—(THE CITY OF CHICAGO *et al.*, Defendants-Appellants.)

(No. 60131; ▮▮▮▮▮▮▮

First District (1st Division)—February 18, 1975.

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Robert Retke, Assistant Corporation Counsel, of counsel), for appellants.

Shapiro & Crane, of Chicago, for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

This is a case involving the notice provisions of the Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, pars. 8—102, 103). On July 13, 1973, the plaintiff, Florence Dunbar, as administrator of the estate of Josephine Burdick, filed a two-count complaint for wrongful death. Count I alleged acts of negligence against Dr. Isaac Reiser and Northwest Hospital; Count II alleged that the Chicago Fire Department was called to administer first aid to Josephine Burdick, who was suffering from a heart attack; that the firemen, as agents of the City of Chicago, negligently withdrew oxygen from Josephine Burdick on June 16, 1973, on which date she died. The City was served with summons on July 17.

On August 9, 1973, Northwest Hospital's motion to strike was filed and denied on August 20. On August 10, 31 interrogatories were filed by Northwest Hospital. On August 14, the City filed its appearance, a jury demand and a motion to dismiss. The grounds assigned for the motion to dismiss were sections 5—101 and 5—102 of the Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, pars. 5—101, 102) which provide that a public entity is not liable for failure to provide fire protection service nor for any injury resulting from failure to suppress a fire or from failure to provide sufficient "personnel, equipment or other fire protection facilities." The motion was denied on September 25, and the City was ordered to file its answer within 28 days. The City filed its answer on October 1. Nowhere in its answer is there any reference to the plaintiff's failure to serve notice under the Act.

On November 14, the plaintiff filed her answers to Northwest's interrogatories, which had been previously filed on August 10. On January 8, 1974, the City filed its motion to dismiss on the ground that the plaintiff had failed to meet the statutory notice requirements. That motion, notice of which was sent 6 months and 10 days after the occurrence, was denied on January 22. A motion to vacate was later denied with a finding that an immediate appeal might materially advance the ultimate termination of the litigation. We granted leave to appeal. Ill. Rev. Stat. 1971, ch. 110A, par. 308.

The City relies principally on *Erford v. City of Peoria*, 229 Ill. 546, 82

N.E. 374, decided in 1907, which held that the filing of the lawsuit within 6 months was not sufficient compliance with the statute. The court also held that the notice was "a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit." 229 Ill. 546, 553.

The *Erford* case was cited in 1972 in *Housewright v. City of LaHarpe*, 51 Ill.2d 357, 282 N.E.2d 437, which reversed a dismissal of a complaint that failed to allege the statutory notice. The court pointed out that the municipality carried insurance which provided that the insurer waived any right to the "immunity from suit by reason of the defenses and immunities provided in this Act." (Ill. Rev. Stat. 1971, ch. 85, par. 9—103(b).) We believe the City has misinterpreted *Housewright* as authority in support of *Erford*. *Erford* was approved only as authority for the constitutionality of the statute. We believe the opinion tacitly disapproves of the language of *Erford* which held that the service of notice was a condition precedent to the filing of the suit. The court also discussed and disapproved a line of cases which held that the statutory notice requirement was not an "immunity" within the meaning of section 9—103(b). Among those cases was *Hoffman v. Evans*, 129 Ill.App.2d 439, 263 N.E.2d 140, about which the court said:

> "In *Hoffman*, without further discussion or reasoning, the court said: 'The notice requirement contained in the statute [section 8—102] is a condition precedent to the cause of action. There must be strict compliance * * *.' (129 Ill.App. 439, 442.) Upon examination of the history of the statute and the authorities, we conclude that the appellate court relied upon decisions of this court which, as will be shown, are not relevant to the issue of waiver." (51 Ill.2d 357, 363.)

Moreover, the supreme court in *Helle v. Brush*, 53 Ill.2d 405, 410, 292 N.E.2d 372, decided in 1973, expressly repudiated the language of *Erford* cited here and interpreted *Housewright*:

> "While we agree with the judgment in *Erford*, its language was broader than was required to decide the case, and it was also imprecise.
>
> In *Housewright v. City of LaHarpe*, [citation], we held that the local public entity had the power to waive the notice requirement of section 8—102. [Citation.] If such notice were mandatory and a condition precedent to the right to bring suit, then it could not be waived. Consequently, we hold the notice provision of section 8—102 not to be a condition precedent to the right to bring suit, but rather to be a limitation provision which can be waived by the local public entity, and, under the circumstances of this case,

we regard the filing of suit by the plaintiff public entity as a waiver of this notice requirement."

■■ We judge this language of *Helle* to be a clear answer to the City's other argument that the notice provision may not be waived nor the City estopped from asserting it as a defense.

Two appellate court cases have dealt with waiver of the notice provisions. In *Hinz v. Chicago Transit Authority*, 133 Ill.App.2d 642, 273 N.E.2d 427, decided before *Housewright* and *Helle*, the complaint did not allege notice nor did the plaintiff prove it. After a verdict for the plaintiff, the defendant filed a motion for a directed verdict, raising for the first time the failure to plead and prove notice. The appellate court reversed judgment for the defendant and remanded the case for a hearing to enable the plaintiff to prove notice. The supreme court granted leave to appeal and affirmed *Hinz* by an order filed July 7, 1972. Supreme Court, Docket No. 44684.

■■ Subsequently, after *Housewright, Helle* and *Hinz*, the appellate court decided *Repaskey v. Chicago Transit Authority*, 9 Ill.App.3d 897, 293 N.E.2d 440, and held that the defendant could not be estopped from asserting the notice provisions as a defense. The supreme court granted leave to appeal, and the case is now on that court's advisement docket. The *Repaskey* opinion did not discuss *Helle* or *Hinz* but relied on *McCarthy v. City of Chicago*, 312 Ill.App. 268, 38 N.E.2d 519, decided in 1941, which in turn relied on *Walters v. City of Ottawa*, 240 Ill. 259, 88 N.E. 651. *Walters* followed *Erford* and stated expressly:

"The city has no power to waive the notice and is under no liability until it is given." (240 Ill. 259, 263.)

*Walters* was another case discussed in *Housewright* with disapproval and, we judge, impliedly overruled by *Helle*. We conclude, therefore, that the *Erford* holding that the notice provision is a condition precedent and the *Walters* holding that the provision may not be waived have been overruled.

■■ Although not pleaded in the trial court, estoppel was argued there as well as in this court by both sides. Estoppel is an equitable doctrine and depends on the facts and circumstances as justice may require. (*People ex rel. American National Bank & Trust Co. v. Smith*, 110 Ill. App.2d 354, 362, 249 N.E.2d 232.) The Act requires that the notice contain "the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." The complaint does not provide the residence of

Josephine Burdick nor the hour of the "accident." We need not pass on the plaintiff's contention that a complaint filed within apt time containing the required information will satisfy the prescriptions of the Act for, even if the plaintiff had served notice within the statutory period containing all the information embodied in this complaint, it would still be technically deficient.

■■ But we believe the procedural conduct of the defendant in this case raises a fact question of estoppel that cannot be determined on a motion to dismiss. The City had to know of any defect in the pleadings before its original motion to dismiss and before its subsequent answers; but it was not until 10 days after the expiration of the statutory period that it served notice on the plaintiff of its motion. The language of *Hinz v. Chicago Transit Authority* is appropriate:

> "A sense of justice prevents us from allowing defendant to lull plaintiff into this false sense of security only later to find that the real theory of defendant's case was to allow plaintiff to reach a point of no return and then discover all was for naught." (133 Ill.App.2d 642, 646.)

The purpose of the Act is to protect a public body from fraudulent claims, but what detriment the City will suffer from the failure of notice in this case is questionable. If the City can show some reasonable excuse for its failure to raise the question before the expiration of the six months, it should be given the opportunity to do so.

"Attending physician" and "treating hospital" might be reasonably interpreted under the facts of this case to mean the "attending physician" and "treating hospital" after the injury. For all practical purposes, there was no "attending physician" or "treating hospital" after death. Insofar as we can determine from the record, the answers to the interrogatories gave all information about hospitals and doctors, including those that had previously treated the deceased, that was available to the plaintiff. If, however, the City can show some overriding prejudice to its position by the failure to provide notice, it should be given the opportunity to show that also. But the bare record before us does not show it.

In sum, we judge that the service of notice is not a condition precedent to the filing of the complaint; that the notice requirement may be waived or the public body under some circumstances may be estopped to assert it; and whether the public body may be estopped is a question of fact to be determined from all the facts and circumstances. The trial court properly denied the motion to dismiss and the order is affirmed.

Order affirmed.

BURKE, P. J., and HALLETT, J., concur.