(No. 78-CC-1196—)

ELIZABETH JOSEPHINE BUSCH, Claimant, *v*. THE STATE OF
ILLINOIS, Respondent.

*Order filed December 3, 1979.*

POCH, J.

This cause coming to be heard on the motion of the Respondent to dismiss, due notice being given and the claimant filing her objections thereto and the Court being fully advised;

FINDS:

1. The Claimant's complaint alleges she was injured on July 20, 1976.

2. The Claimant concedes that she did not file notice of intention to bring an action for personal injuries within six months of the occurrence as required by the provisions of Ill. Rev. Stat. 1977, ch. 37, par. 439.22—1. Failure to file such notice requires that the claim be dismissed and barred. Ill. Rev. Stat. 1977, ch. 37, par. 439.22—2.

The Claimant responds to the motion to dismiss for failure to file a timely notice on two grounds. First the Claimant alleges the Respondent had actual notice of the injury without the statutory notice requirement being fulfilled. This contention is without merit because the General Assembly of this state has seen fit to enact mandatory notice requirements to be met by all Claimants. Furthermore there is no proof of actual knowledge on the part of the State of all the matters that must be included in complying with the statutory notice requirements of Ill. Rev. Stat. 1977, ch. 37, par. 439.22—1.

The Claimant also argues that the notice requirements of Ill. Rev. Stat., ch. 37, pars. 439.22—1 and 439.22—2 are unconstitutional as being special legislation and violation of the equal protection provisions of the Illinois Constitution of 1970. This argument must fail because this Court has no authority to rule on the constitutionality of the Court of Claims Act (Ill. Rev. Stat. 1977, ch. 37, par. 439.1 et seq.). On issues identical to the instant case the Court in *Gossar v. State* (1962), 24 Ill. Ct. Cl. 183, said at pages 197-198:

> In addition to the foregoing, there is another reason why this Court should not attempt to invalidate an act of the Legislature as expressed in the Court of Claims Law. No Claimant has a constitutional right to reimbursement from the State for a claim, regardless of its merits. The Legislature can create or abolish the Court of Claims at its pleasure. Having created the Court, it may also establish rules, regulations and procedures for the consideration of such claims, and such rules, regulations and procedures may not be questioned by anyone, including the Court, which has the responsibility of administering the law.
>
> For the foregoing reasons, this Court finds that it does not have the jurisdiction, power or authority to rule on the constitutionality of the Court of Claims Law.

Therefore this Court cannot pass on the constitutionality of Ill. Rev. Stat., ch. 37, pars. 439.22—1 and 439.22—2. Since the constitutionality of the Court of Claims Act is not subject to ruling by this Court the Act as drafted must stand and the six-month notice requirement is binding on this Claimant.

Even if this Court could rule on the constitutionality of the challenged victims of the Act the Supreme Court of Illinois has found the six-month notice requirement of Ill. Rev. Stat. 1973, ch. 111 2/3, par. 341 (applying to the Chicago Transit Authority) constitutional and not violative of equal protection. *Fujimura v. Chicago Transit Authority* (1977), 67 Ill. 2d 506, 368 N.E.2d 105. In *Fujimura* that Court found that the difference between the six-month notice of claim applicable to suits against the Chicago Transit Authority and the one-year require-

ments applicable to other local government units did not deny equal protection. See also, *Reposky v. Chicago Transit Authority* (1973), 9 Ill. App. 2d 897, 293 N.E.2d 440, 443. The reasoning of the Courts in *Fujimura* and *Reposky* would apply to the claim of denial of equal protection raised in the instant case.

The admitted failure of the Claimant to file the required statutory notice bases the prosecution of her claim and requires dismissal of her complaint with prejudice.

It is hereby ordered that the motion of the Respondent to dismiss be, and the same is hereby granted, and the cause is dismissed with prejudice.